ADONIRAM J. WILLIAMS, administrator, plaintiff in error, *vs.* LEWIS N. WHITTLE, executor, defendant in error.

The rule that a lapsed or void legacy of personal property falls into the residuum and passes to the residuary legatee, does not apply to a void devise of land, and in such a case the land descends to the heir.

Administrators and executors. Wills. Legacies. Before Judge BUCHANAN. Monroe Superior Court. August Term, 1873.

Whittle, as executor of Margaret Cotton, filed his bill against Williams, as administrator, *de bonis non cum testamento annexo,* of John Cotton, making the following case :

On July 2d, 1870, John Cotton executed his will, by the first item of which he gave to his wife, Margaret Cotton, all his property, real and personal, with certain exceptions mentioned in other items, during her natural life.  By the third item he bequeathed to Peter Jones, in trust for certain slaves, two lots of land.  The devise in this item has been held void by the Superior and Supreme Courts.  By the fifth item he declared that at the death of his wife, Margaret, it was his will and desire that all of his property, both real and personal, not disposed of by his will, be divided into ten equal parts, and given to certain legatees therein mentioned.

Complainant claims that he, as the legal representative of Margaret Cotton, who was the sole heir of John Cotton at the time of his death, is entitled to the possession of the two lots of land aforesaid.  The bill charges that the defendant claims said lots for the ten legatees, under the aforesaid fifth item.

The defendant demurred to the bill for want of equity. The demurrer was overruled, and defendant excepted.

A. D. HAMMOND, by A. W. HAMMOND & SON; J. S. PINCKARD, for plaintiff in error.

A void disposition is no disposition, and therefore would fall to the legatees under the fifth item : See Hughes *et al. vs.* Allen, 31 Ga. R., 483.  The fact that the residuum is divided among ten legatees, or rather given in distinct parcels, that it is presumed that the testator expressed all that they were to have, and that, under 24 Georgia, 84, the legacy would go to the heirs-at-law.  The answer is, first, that this is not a lapsed legacy, but a void one, and passes, as first stated ; and again, that the testator intended that the ten legatees should have all his estate after the termination of a life-estate, and not a particular specified estate, divided into parts to negative the idea that they were to only have a particular sum or portion, and no more : 32 Ga. R., 623 ; 31 *Ibid.,* 483.

WHITTLE & GUSTIN, for defendant.

1st. The general principle, as universally decided both in England and the United States, is that lands attempted by a testator to be devised descend to the heirs-at-law, if such devise is void: 2 Redfield on Law of Wills, (second edition,) 115 and note, 117 and note 34; Van Klick *vs.* The Ministers, etc., 6 Paige's Chancery Rep., 600; Cox *vs.* Harris, 17 Md., 23, 31; Tongue *vs.* Nutwell, 17 Md., 212; 2 Redfield on Wills, (first edition,) 442, 444, and note 34.

2d. The common law, as to descent of real estate, is of force in Georgia, except in so far as it is changed by statute: Carruthers *vs.* Bailey, 3 Ga., 105.

3d. A devise of lands is considered not so much in the nature of a testament as of a conveyance by way of appointment of particular lands to a particular devisee: Sutton *vs.* Chenault, 18 Ga., 1; Jones *vs.* Shewmake, 35 Ga., 151; Gibbon *vs.* Gibbon, 40 Ga., 562.

TRIPPE, Judge.

The general rule is undisputed that a lapsed or void *legacy* falls into the residuum and passes to the residuary legatee. This is universally so, unless there be something in the will that indicates a contrary intention on the part of the testator, such as existed in the cases of *Hughes et al. vs. Allen,* 31 *Georgia,* 483, and *Silcox vs. Nelson,* 24 *Georgia,* 84, and similar cases. But this applies to bequests of personal estate, and as well settled as the rule is in such bequests, it is equally as firmly settled, both in England and the United States, that it does not apply to cases of lapsed or void devises of real estate. In those, it has uniformly been held that such a devise goes to the heir, for Courts will favor such a construction as will give the real estate to the heir: Ridgely *vs.* Bond, 18 Maryland Reports, 433.

The English decisions setting up this distinction commenced about the year 1723: Goodright *vs.* Opie, 8 Mod. Reports, 123; which was followed by several others, finally establish-

ing it a few years thereafter, so that it has never since been questioned: Doe vs. Underdown, Willis, 293 ; Wright vs. Hall, Fortesque's Reports, 182; Roe vs. Fludd, *Ibid.*, 184. It has, also, been frequently held that if legacies are directed to be raised out of the proceeds of real estate, and they fail, by reason of the death of the legatee, or are void by statute, the heirs will take instead of the residuary legatee : Grovenor vs. Hallam, 2 Ambrose, 645; Cruise vs. Barlay, 3 Pierre Williams, 19; see, also, Arnold vs. Chapman, 1 Vesey, Sr., 108.

This was unquestionably the settled law in England at the time of our adopting statute, and the decisions have been almost invariably followed in that country ever since; and there is hardly an exception to a long current of adjudications in the United States on the same line: Cox vs. Harris, 17 Md., 23 ; Helms vs. Franciscus, 2 Bland., 546; Green vs. Dennis, 6 Conn., 292 ; Rowlet vs. Rowlet, 5 Leigh, 26 ; Van Klick vs. The Ministers, etc., of the Reformed Dutch Church *et al.*, 6 Paige Ch. R., 600. In this last case Chancellor Walworth says : "The right of the heir devolving upon him by operation of law, cannot be impaired by vague surmises of what the testator would or ought to have done if he had foreseen that the disposition he had made of his estate might be declared invalid or ineffectual. An heir-at-law can only be disinherited by express words or necessary implication."

In the case of *Wood et al. vs. Mitchell*, 32 *Georgia*, 623, there were both real and personal property. The question does not seem to have been made as to the distinction between a void devise of land and a void legacy of personalty. It is not referred to in the decision, and the authorities cited to sustain it are all cases of the latter. LUMPKIN, Judge, in *Hughes vs. Allen*, 31 *Georgia*, 483, in pronouncing, under the particular terms used in the will, against the residuary legatee in the case of a void disposition of personal property, said : " Believing that the rule has been stretched quite far enough in this direction, (meaning in favor of the residuary legatee,) we are not disposed to make a precedent, extending it one step further."

We know of nothing in any statute of this State which abrogates this rule that has been so firmly settled for a century and a half. The mere fact that personal and real estate are assets subject to the payment of debts does not do it. The title to land, on the death of the owner, immediately vests in the heirs-at-law: New Code, sec. 2483. The title to all other property vests in the administrator, for the benefit of heirs and creditors: Code, sec. 2483. And there are special restrictions on the right of the representative of the estate to recover land from the heirs: Code, sec. 2486. None of these provisions, or any others, can enlarge the principles first stated so that it will include void or lapsed devises of real estate. As well might it be claimed that they repeal the rule altogether, or that they put personalty within the old rule as to realty. As said in *Hughes vs. Allen, supra,* we are not inclined to stretch the rule any further, or to make a precedent, and we sustain the Court below in overruling the demurrer.

Judgment affirmed.