ROUNTREE *et al.,* commissioners, *v.* DURDEN.

| 95 | 221 |
| 104 | 333 |

Although the county authorities have no power to hire out or otherwise employ misdemeanor convicts save in legally organized chain-gangs and upon public works, yet where the county commissioners in fact hired such convicts to a private person who, as an individual, employed them in building bridges for the county at an agreed compensation, and a fund was realized therefrom, such fund was not subject to distribution among the officers of court under the provisions of the act of 1891, which limits the fund applicable to the payment of the fees of these officers to such compensation only as may be received from *counties or municipal corporations* for the labor of convicts hired to them.

December 21, 1894.

*Mandamus.* Before Judge GAMBLE. Emanuel superior court. October term, 1894.

ALFRED HERRINGTON and GLENN & MADDOX, for plaintiffs in error. H. D. D. TWIGGS, EVANS & EVANS and J. K. HINES, *contra.*

SIMMONS, Chief Justice.

The solicitor of the county court of Emanuel county applied for a *mandamus* against the commissioners of roads and revenues of that county, requiring them to apply to the payment of his insolvent costs money received by them from the hire of convicts tried and convicted in the county court. A *mandamus* absolute was granted, and the commissioners excepted. The application for *mandamus* and the order of the judge granting the same were based upon the act of October 16th, 1891, "to authorize county authorities to hire out misdemeanor convicts, and to provide for the distribution of the

money arising therefrom," which act provides that where "said convicts are delivered to any other county or municipal corporation, as now provided by law, said county authorities are hereby authorized to receive compensation for the labor of said convicts, and the money so received shall be first applied to the payment of the fees of the officers of court," etc. (Acts 1890–1891, vol. 1, p. 212.) The money to be applied in this manner, it will be observed, is to be derived from the hire of convicts to "any other county or municipal corporation." It appears in this case, however, that the fund in question was derived, not from the hire of convicts to another county or to a municipal corporation, but from their hire to a private person who as an individual employed them in building bridges for the county at an agreed compensation. It was contended that, notwithstanding such hiring was unauthorized by law, yet when the county authorities received money from that source, it became subject to distribution under the provisions of the act. The obvious reply to this is, that the act does not authorize the distribution of a fund derived from a source not contemplated by the act. The mere fact that the money came from the hire of convicts is of no more consequence, so far as any right to subject it to distribution under this act is concerned, than if it came from a source wholly disconnected with the hire of convicts.

It follows that the court erred in granting the *mandamus*.        *Judgment reversed.*