## McREA *et al.* *v.* DUTTON.

Although the title to the property in South Carolina, the proceeds of which were invested in land in this State, embracing that now in controversy, was vested in the mother of the plaintiffs for life, with remainder to her children, yet as the land was in fact conveyed by deed in 1860 to a trustee for the mother by name "and her issue," and as subsequently, upon a bill in equity filed by a trustee for the mother and children, to which the latter were also parties complainant by next friend, against two persons who had fraudulently obtained possession and a claim of title to the land, which bill, in effect, alleged a present title and interest in the children as well as in the mother, it was decreed that "said complainants do recover of the said defendants; . . . that [the land, describing it] be and the same is fully vested in and belongs to [the trustee for the complainants, naming him]; that he do hold it in fee simple under and by virtue of this decree and the deed [of 1860]; . . . and that the complainants be put into

immediate possession," the effect of the decree, in the light of all the antecedent facts, was to make the mother and the children tenants in common, and consequently, she could not sell and convey in fee simple the entire estate, but only her interest or undivided share in the same. This being so, on the trial of an action brought by the children after her death to recover the land from one holding under her vendee, it was error to direct a verdict in favor of the defendant, it not appearing from the evidence that he had a title by prescription, or otherwise, superior to their right to recover. The children, however, were not remaindermen, and their right to sue in no wise depended upon the death of the mother.
January 14, 1895.

Ejectment. Before Judge GAMBLE. Bulloch superior court. April term, 1894.

DELL & WADE and G. S. JOHNSON, by HARRISON & PEEPLES, for plaintiffs.

D. R. GROOVER and J. A. BRANNEN, for defendant.

LUMPKIN, Justice.

It appears from the record, that in 1859 Mrs. Sophia J. McRea, and her children then in life, as well as such others as might be born to her thereafter, were entitled to certain property in the State of South Carolina, the interest of the mother being a life-estate, with remainder to the children. A decree was rendered by a court of competent jurisdiction in that State, directing that the property be sold and the proceeds paid to trustees in Georgia for Mrs. McRea and her children, to be reinvested for the use of the mother for life, and at her death, for the benefit of the children. The proceeds of the South Carolina property, or a portion of the same, were in 1860 invested in lands lying in Bulloch county, Ga., embracing the tract now in controversy, the deed of conveyance being made to Neal A. McRea, "trustee for S. J. McRea and her issue." Afterwards, one Samuel F. Sanders obtained a fraudulent judgment against Neal A. McRea as trustee, the land was sold under an execution issued from that judgment, and one Richard F. Sanders became the purchaser and went into possession. In 1869

a bill was filed in Bulloch superior court against both
Samuel F. and Richard F. Sanders, by one Robert M.
Williams, Jr., as trustee for Mrs. McRea and her children,
to which bill all the children were also made parties
complainant in their own names, and were represented
by a next friend.   Among other things, the bill alleged
fraud and conspiracy on the part of the defendants, by
which the complainants had been deprived of the land.
It also, in effect, alleged a then present title and interest
in the children as well as in the mother, and prayed for
a cancellation of the sheriff's deed to Richard F. Sanders,
and for a recovery of the property.   Upon this bill a
decree was rendered, April 3d, 1875, the portion of which
now material is quoted in the head-note.   In 1876, Mrs.
McRea sold and conveyed the land now in controversy
in fee simple to one Lanier, under whom Dutton, the de-
fendant in the present action, holds by a regular chain
of title.   After the death of Mrs. McRea, her children
brought an action of ejectment against Dutton; and
upon the above stated facts, the court directed a verdict
in favor of the defendant.

It is evident that the theory upon which the plaintiffs'
counsel rested their right to recover, was, that they were
remaindermen and could not bring suit until after the
death of their mother.   The view entertained by the trial
judge doubtless was, not only that the plaintiffs were not
remaindermen, but also that they had no interest what-
ever in the land.   After thorough consideration we are
of the opinion that neither of these theories was exactly
correct.   We agree with the court that the plaintiffs
were not remaindermen, but we think that under the
decree rendered in 1875 they were tenants in common
with their mother.

Whatever may have been the proper construction of
the conveyance made in 1860 to Neal A. McRea as trus-
tee for Mrs. McRea "and her issue," when considered

in the light of the above mentioned equitable proceeding in South Carolina, we are convinced that the effect of the decree rendered in Bulloch superior court was to make the mother and the children tenants in common. These children were direct parties to the bill resulting in that decree, and, fairly construed, the allegations of the bill amounted to an assertion that they and their mother were the true owners of the land at the time the bill was filed, each having a present and common interest therein. The bill did not set up that the children were remaindermen, but proceeded on the theory that they were tenants in common with their mother. It is true that these thing were not alleged unequivocally and with absolute distinctness in the bill, but we think, fairly construed, its meaning and purpose in these respects were as we have stated. If, prior to the rendition of the decree, the children had no interest at all in the land, they were benefited in so far as the decree conferred an interest upon them. If, before that time, the mother had only a life-estate and the children were remaindermen, the effect of the decree was to reform and modify the deed of 1860 by changing their interest thereunder from that of remaindermen, and making them tenants in common with the mother. This was within the power of the court, and consistent with the allegations of the bill; and the decree, never having been excepted to nor vacated, remained binding upon all the parties affected thereby. All the parties at interest were properly before the court, the children being represented not only by a trustee, but also being personally parties complainant, and as such being represented by a next friend. We therefore think there can be no doubt that they were bound by the terms of the decree, the effect of which has been stated.

The result is, that the deed from Mrs. McRea to Lanier could convey no greater interest than her undivided

share in the land; and therefore he and his successors in title took by that deed no title to the undivided shares of the children. They not being remaindermen, however, their right to sue in no way depended upon the question of whether their mother was living or dead. In the absence of proof showing that the defendant Dutton had a title by prescription, or otherwise, superior to their right of recovering their respective shares in the land, it was wrong to direct a verdict in his favor.

In view of the theories entertained, respectively, by counsel for the plaintiffs and by the trial judge, there was no occasion for the defendant to show title in himself by prescription, or otherwise present a complete defense to the action. The case has not been properly tried, but in the light of this opinion, its full merits will doubtless be developed at the next hearing. It appears that the youngest of the children was born about the year 1861. Whether or not the title which we think was vested in them by the decree of 1875 has been defeated by the lapse of time, will necessarily depend. upon such further facts as may be brought to light when the case is tried again.          *Judgment reversed.*