*Anderson, Cann & Cann* and *Adams & Adams,* contra.

---

## DARSEY *v.* DARSEY *et al.*

1. Under undisputed evidence, and admissions contained in the plaintiff's petition, the verdict in favor of the defendants being demanded, the judge did not err in directing it.

2. Evidence· admitted over objection by the plaintiff, or that which was offered by the plaintiff and excluded, in view of the admissions in the petition and other uncontradicted evidence, would not have affected the result announced in the first headnote; and accordingly it is unnecessary to pass on any assignments of error based on rulings as to the admissibility of evidence.

AUGUST 19, 1912.

Equitable petition. Before Judge Frank Park. Decatur superior court. July 5, 1911.

On October 21st, 1902, Mrs. Lizzie Darsey instituted suit against Mrs. Rebecca Darsey, George E. Darsey, L. O. (Oscar) Darsey, and others, who were children and heirs at law of Jesse R. Darsey, who died in 1899, for the recovery of lot of land number 26 in the twenty-second district of Decatur county, Georgia, and seeking also a decree "setting up, establishing, and confirming" the plaintiff's title to the land above mentioned, "and forever barring and annulling all claims that may be urged by any of the aforesaid heirs of Jesse Darsey ·.   .  to said land by reason of their inheritance from their father." · On the trial the judge directed a verdict in favor of the defendants. The plaintiff's motion for a new trial

was overruled, and she excepted. The plaintiff, Jesse R. Darsey (under whom the defendants claim by inheritance), and Mrs. Arenzi Daniel (née Darsey) were sisters and brother, and constituted all of the heirs at law of their father, Jesse Darsey, who died intestate in 1865, prior to July. After his death the lands of his estate were divided in kind by allotment on·July 21st, 1865, between the three heirs above named. At that time the two daughters, Lizzie and Arenzi, were married, the former to John F. Darsey, and the latter to Robert Daniel. The lands which were to be divided were appraised by five disinterested persons and drawn for by the parties at interest. In this allotment Jesse R. Darsey (under whom the defendants claim by inheritance, and who died in 1899) drew the lot in dispute and also lots 193 and 194 in the eleventh district of Mitchell county. Lot number 25 in the twenty-second district of Decatur county, and one half of lot number 385 in the nineteenth district of Decatur county, constituting the home place of Jesse Darsey· deceased, were drawn by plaintiff or her husband, John F. Darsey, and they thereafter, until December, 1865, resided on the property so drawn. Other lots unnecessary to mention were drawn by the remaining heir, Arenzi Daniel, or her husband Robert Daniel. At the time of the allotment deeds were executed. Lizzie Darsey and Arenzi Daniel were not named as parties thereto, but their respective husbands were named as parties. Among the deeds so executed was one dated July 21st, 1865, by which Robert Daniel and Jesse R. Darsey conveyed to John F. Darsey lot number 25 and the east half of lot number 385 in Decatur county, representing the allotment to Lizzie Darsey. The consideration named was $1,058.33. Another of such deeds bore the same date and recited the same consideration, but it was executed by Robert Daniel and John F. Darsey, and conveyed to Jesse R. Darsey lot number 26 (the land in dispute), and also lots 193 and 194 in the eleventh district of Mitchell county. Immediately after the allotment Jesse R. Darsey expressed a preference for lot number 25 and the east half of lot number 385, which had been drawn by Mrs. Lizzie Darsey and her husband, and a verbal agreement was entered into by which this land was to go to Jesse R. Darsey in exchange for the whole or some part of the land which had not been allotted to Mrs. Lizzie Darsey or her husband, John Darsey. No deeds were executed between them evidencing

this exchange, but Jesse R. Darsey in pursuance of the trade took possession of lot number 25 and the east half of lot 385, and continued thereafter to maintain his possession; and Mrs. Lizzie Darsey and her husband, John Darsey, about December 1st, 1865, moved to Mitchell county and took possession of lots 193 and 194, which had been allotted to Jesse Darsey. They continued in possession for about four years, and sold the property to John P. Heath for $2,250. Lot number 26 in Decatur county, at the time of the allotment, and for a number of years thereafter, was wild land, and not in the actual possession of anybody, but in 1888 or 1889, before the death of Jesse R. Darsey, a house was erected thereon, a farm cleared, and other valuable improvements made, and the house was occupied by L. O. (Oscar) Darsey, one of the defendants in this case, and subsequently by his tenants or those claiming with or under him up to the time of the filing of the suit. All that has been stated was admitted by both sides, except as follows: It was contended by the plaintiff that in so far as her husband, John F. Darsey, participated in the allotment and exchange with Jesse R. Darsey, and the subsequent management of the property received in exchange, he did so as her agent, and all that he did in that connection was her act and deed; also that the possession of lot 26, which commenced before the death of her brother, Jesse R. Darsey, was by her permission as accommodation to her brother, and not under any adverse claim of right. On the other hand, it was contended by the defendants that all that John F. Darsey did was in behalf of himself as by assertion of his marital rights to the property inherited by his wife, and that lot 26 in Decatur county was not included in the exchange of lots, but that Jesse R. Darsey had retained and continuously asserted title to it, and that the entry of possession in 1888 or 1889 was by right of his title, and in no manner under the plaintiff; also that the possession last mentioned was commenced by two of the defendants, George E. Darsey and L. O. Darsey, under an agreement with their father J. R. Darsey, by which, if they entered possession and made certain valuable improvements and occupied the land for a certain number of years, the land should be theirs, and that the terms of such agreement had been complied with by George E. and L. O. Darsey; and thereupon it was sought to have the title decreed to be in George E. and L. O. Darsey, and if that could not be done, then to all of the defendants.

*Hawes, Pottle & Wright,* for plaintiff.

*M. E. O'Neal* and *Pope & Bennet,* for defendants.

ATKINSON, J. According to the case as made by the plaintiff, the following facts appear: Jesse Darsey died, leaving certain real estate. On July 1, 1865, there was an agreed division or partition among his heirs. One of these was Jesse R. Darsey; and another was his sister, the present plaintiff, Lizzie Darsey, the wife of John Darsey. Deeds were made by the respective tenants in common, for the purpose of carrying into effect the partition thus made. As to the share which fell to plaintiff, the other tenants in common made a deed to John Darsey, and he and the plaintiff went into possession of the land so conveyed, and remained in possession until December 1, 1865. This, under the law as existing prior to the act of 1866 (Acts 1866, p. 146), known as the married woman's act, operated to put the title to the share which fell to the plaintiff into her husband, and it became his absolutely by virtue of his marital rights and of such conveyance and dominion. Code of 1863, § 1701-2; *Arnold* v. *Limeburger,* 122 *Ga.* 72 (49 S. E. 812). The share which fell to Jesse R. Darsey included two lots in Mitchell county, and lot 26 in Decatur county, the lot now in dispute. A deed was made to him, which was signed by John Darsey and Robert Daniel, the husbands of the other two tenants in common. According to the plaintiff's allegations and proof, on the day when the partition was made a parol agreement was made with her brother, Jesse R. Darsey, by which there was to be an "exchange of shares," so that the share which was allotted to the plaintiff and which passed to her husband, as above stated, should go to Jesse R. Darsey, and the part which was allotted to him and conveyed to him, as above stated, should be transferred to plaintiff. After the marital rights of John Darsey had fully attached to the share allotted to plaintiff, she had no interest whatever in it. The plaintiff contends that this share was delivered to her brother, Jesse R. Darsey, in lieu of the share allotted to him in the division. Her husband was present, and either made the trade or certainly took part in making it; so that according to her own showing it was in law an exchange between her husband and her brother, whether she took part in the negotiations or not. No trust was shown and no creation of a separate estate. This would not serve to vest any title in her to that which was exchanged by her

brother for the property of her husband. According to the basis on which her claim rests, she acquired nothing by the exchange. If any equitable title arose from it, it was in her husband, not in her. After December 1, 1865, she and her husband took possession of the two lots in Mitchell county, which had formed a part of her brother's share in the partition of the estate. Lot 26 in Decatur county, the land in dispute, was wild land, and nobody had actual possession of it. She exercised no dominion over it, paid no taxes upon it, and did nothing to assert, much less create title to it in herself. Her testimony indicated that the taxes were paid by her brother, Jesse R. Darsey. The defendants are the widow and children of Jesse R. Darsey. They contend that in the partition of the estate lot 26 fell to his share. They deny that it was 'included in the trade under which the plaintiff asserts title, but contend that the two lots in Mitchell county alone were included, and that Jesse R. Darsey retained the title to the lot now in dispute, which she had acquired by virtue of the partition. If the contention of the defendants is true, and the lot in dispute was never traded by Jesse R. Darsey at all, of course the plaintiff would have no case, and would not be entitled to recover. Nor would she have title or be entitled to recover if the lot was included in the trade, because the property traded to Jesse R. Darsey, constituting the consideration paid to Jesse R. Darsey for the property in dispute, was the property of John Darsey, and no deed was ever made to plaintiff. If John Darsey did not make the trade alone, as some of plaintiff's testimony indicates, but they negotiated together, this would not alone serve to put any title in the plaintiff. John Darsey is not shown ever to have done anything to relinquish his rights, or to convey any rights to plaintiff. Therefore, in either event, whether the contention of the defendants or that arising from the pleadings and evidence of the plaintiff be correct, the latter has no title, legal or equitable, to the land in dispute. In the evidence of the plaintiff there are some loose and vague expressions that Oscar Darsey, one of the defendants, moved on the land with her consent and permission, but immediately thereafter she testified that she did not have any conversation of any kind with Oscar Darsey relative to his possession of the property at the time he went upon it, and never said anything at all about it until he was going to sell it, "and I put in my claim and tried to

explain it, but could not make any agreement relative to it." She also used certain expressions to the effect that "we were not going to charge him for the land," etc. Apparently this referred to herself and her husband. Inasmuch as she had no title to the land, as has been shown above, her consent or agreement was unnecessary. If John Darsey had title to the land and consented, this would not make Oscar Darsey the plaintiff's tenant or Oscar Darsey's possession the plaintiff's possession; and if John Darsey conferred with plaintiff in regard to the management of his property and she acquiesced, especially in view of the fact that he had acquired the property by reason of his marital rights, it amounted to nothing more than a conference between husband and wife. Taking her testimony as a whole, it makes no case of tenancy or permissive holding by the plaintiff, requiring a submission of the case to the jury.

Under the views above expressed, had the evidence objected to by plaintiff been excluded, or that which was offered by her and excluded been admitted, the result would not have been affected.

*Judgment affirmed. All the Justices concur.*