HARPER *v.* HESTERLEE.

ATKINSON, J.  1.  The expressed description in a deed to realty will not be extended beyond its terms because of a belief by the holder under it that it covered land not embraced in that description, nor because of any unexpressed intention in the mind of the grantor that it should cover land not described in the deed itself, there being no suggestion of mistake in the drawing of it.  *Williamson* v. *Tison,* 99 *Ga.* 791 (26 S. E. 766).

2. The court will take judicial notice of the fact that land lot number 81 in the second district and third section of Carroll County, Georgia, contains 202-1/2 acres and is in the form of a square. *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (52 S. E. 439); *Payton* v. *McPhaul*, 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163).

3. Where land is alleged to be described as "25 acres of land lying and being in the southwest corner of lot of land No. 81 in the 2d district and 3d section of Carroll County, Georgia," such language should be construed as alleging that the lot is in the form of a square located by taking the southwest corner of the lot as a base point and running equidistant along the two sides of the lot which intersect at such corner to the intersection of other lines drawn parallel to the respective lines first mentioned, all the lines being of such length as will embrace the exact quantity of 25 acres. *Payton* v. *McPhaul*, supra.

4. Accordingly, in an action for land, where the plaintiff on the trial of the case relied on a conveyance to himself of "25 acres of land lying and being in the southwest corner of lot of land No. 81 in the second district and third section of Carroll County, Georgia," in view of the language of such instrument and the conflicting evidence as to the establishment of a line by agreement between the parties, the court erred in directing the following verdict: "We, the jury, find in favor of the plaintiff as to the north line and establish it as set out in the petition. We further find in favor of the injunction permanently restraining the defendant as prayed for, in reference to the house; and we leave the east line open and undecided."

                         *Judgment reversed. All the Justices concur.*

No. 2375. NOVEMBER 17, 1921. REHEARING DENIED DECEMBER 16, 1921.

Equitable petition. Before Judge Terrell. Carroll superior court. October 26, 1920.

*J. L. Smith* and *Willis Smith,* for plaintiff in error.

*Boykin & Boykin,* contra.