## GRACE *v.* ROUSE *et al.*

No. 15939.   OCTOBER 15, 1947.

722

*W. B. Mitchell*, for plaintiff.

*George B. Culpepper Jr.*, and *W. J. Wallace*, for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ It is well-settled law in this State that where the evidence in a civil case, with all reasonable deductions and inferences which may be drawn therefrom, demands a particular verdict, it is not error for the court to direct the jury to find accordingly. Code, § 110-104; *Morgan* v. *Burks*, 90 *Ga.* 287 (15 S. E. 821) ; *Darsey* v. *Darsey*, 138 *Ga.* 584 (75 S. E. 667). In an action for land, as here, where both the plaintiff and the defendants have introduced testimony, and where the plaintiff's case fails to identify the land sued for, or to show such title in him as would authorize a verdict in his favor, it is not error to direct a verdict for the defendants. *Morris* v. *Harris*, 147 *Ga.* 58 (92 S. E. 878). In the instant case, the court directed a verdict for the defendants, assigning as his reason therefor that he did not think that the jury could ever locate the land in controversy from the pleadings in the case. We construe this language to mean that a verdict was directed for the defendants because the plaintiff had failed to identify the land sued for. If the judge was right for the reason given, or for some other reason shown by the record, his action should be sustained; otherwise not. *Pritchett* v. *King*, 56 *Ga. App.* 788, 790 (194 S. E. 44). We shall first look at the record to see if it supports him for the reason assigned. This court has frequently held that in an action for land, if the plaintiff is entitled to recover only a portion of the premises sued for, a recovery may be had for such portion if it is sufficiently identified by the evidence to enable the jury to describe it in the verdict; but if the evidence is so vague and indefinite as to fail to identify any particular portion, the plaintiff can not recover. *McElroy* v. *McElroy*, 142 *Ga.* 37 (82 S. E. 442) ;,*National Land & Coal Co.* v. *Zugar*, 171 *Ga.* 228 (155 S. E. 7). It will be conceded that, if the pleadings and evidence were not sufficient to describe all of the lands sued for, but sufficient as to some particular portion thereof, then the verdict should not have been directed as to that part for the reason assigned by the court. Without passing upon the sufficiency of the description of all the premises sued for, we think that the 50 acres described as being located in the southeast corner of lot number 30, in the first district of Crawford County, Georgia, and being a part of

the Rudolphus Grace home place, was sufficiently described by the pleadings and evidence to have enabled the jury to identify it in their verdict. The original plats, showing the boundary lines and the relative location of the districts and land lots in each county of this State, are of file in the office of the Secretary of State, and this court will take judicial notice of the fact that land lot 30, in the first district of Crawford County, Georgia, contains 202½ acres and is located in a square with its boundary lines running north and south, east and west. *Payton* v. *McPhaul*, 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163) ; *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819) ; *Harper* v. *Hesterlee*, 152 *Ga.* 251 (109 S. E. 902). Thus, the petition here, describing a part of the premises sued for as being "fifty acres of land in the southeast corner of lot of land number 30," must be construed as alleging that the lot is in the form of a square, and the part of the lot sued for may be located by taking the southeast corner of the lot as a base point and running equidistant along the two sides of the lot which intersect at such corner to the intersection of other lines drawn parallel to the respective lines first mentioned, all of the lines being of such length as will embrace the exact quantity of 50 acres. *Harper* v. *Hesterlee*, supra. Therefore, as to this particular portion of the land sued for, the pleadings and evidence were sufficient to have enabled the jury to describe it in their verdict. For the reason given by the court, the direction of a verdict for the defendants was erroneous, since the plaintiff was entitled to have the issue as to the 50 acres in the southeast corner of lot number 30 submitted to the jury. Since, in the view we take of the case, it will be necessary for it to be tried again, we will not pass on the sufficiency of the description of the remaining lands sued for, as the plaintiff will have an opportunity to amend his petition, if he desires to do so, when the case is returned to the lower court.

■ Upon a careful examination of the record, we do not think that the court was authorized to direct a verdict for the defendants upon the ground that the evidence as to title demanded such a finding. Rudolphus Grace was the plaintiff's and the defendants' common grantor. The plaintiff claimed the land in controversy as sole remaining beneficiary under a year's-support proceeding; it being his contention that the land sued for was set apart from

the estate of his father, Rudolphus Grace, to his mother, Mattie Grace, now deceased, and her five minor children, the youngest of whom was the plaintiff, still a minor. The other children now in life, who took under the year's-support proceeding, had all reached their majority. The undisputed evidence showed this contention to be true.. The defendants based their claim for the land upon a deed from Amelia Grace Rouse, as administratrix of the estate of Mattie Grace, deceased, to Wallace Rouse, and from Wallace Rouse to the other two named defendants. The record shows that Mattie Grace, at the time of her death, had no interest in the lands involved, except such as passed to her and her minor children under the year's-support proceeding. This being true, and the evidence shows that it is, she left no interest in the lands to be administered by her representative. *Dickerson* v. *Nash, 74 Ga.* 357. Applying the principle of law there announced to the facts of this case, it necessarily follows that the deed from Amelia Grace Rouse, as administratrix of Mattie Grace's estate, to Wallace Rouse, dated May 4, 1943, purporting to convey a part of the lands set apart as a year's support to Mattie Grace and her minor children, passed no title therefor to him; and having acquired no title himself to any part of the lands in controversy, he could pass none to his grantees, the other defendants. As to that portion of the land sued for, which we have held in the preceding division of this opinion was appropriately described, the evidence was amply sufficient to have authorized a verdict for the plaintiff, if in fact it did not demand one, and it was error for the court to direct a verdict for the defendants on the issue of title.

From what we have held in the two divisions of this opinion, it follows that the court erred in overruling the amended motion for new trial.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*