LINING *v.* JACKSON.

No. 16016.   November 12, 1947.

24

*J. H. Paschall* and *R. F. Chance*, for plaintiff in error.

*Henry L. Barnett* and *Y. A. Henderson*, contra.

HEAD, Justice. (After stating the foregoing facts.) ■ The plaintiff in error contends that the court erred in hearing and sustaining the general demurrer to the petition at the May Term, 1947, of Gordon Superior Court, it being contended that the demurrer should not have been heard before the August Term following. This contention is clearly without merit. The fact that the May Term of Gordon Superior Court was not actually held for the trial of cases did not preclude the court from setting a date and passing on all demurrers and defensive pleas on a date subsequently to the date on which such court would ordinarily convene. Code, § 81-1001, as amended by Ga. L. 1946, p. 775.

■ The allegations of the caveat, that it was the intention of the testator that the property should go to the caveator on his mother's death or remarriage, seek to add a devise to the will. While parol evidence in some instances is authorized to explain an ambiguity in a will, there is no ambiguity in this will which may be explained by extrinsic evidence. Oral testimony would be inadmissible for the purpose of inserting an entirely new clause in the will and to dispose of an interest in property which the testator failed to devise. *Doyal* v. *Smith,* 28 *Ga.* 262, 264; *Hill* v. *Hill,* 161 *Ga.* 359 (130 S. E. 575).

"Wills must be in writing and executed according to prescribed formalities, and a failure to dispose of property can not be supplied by showing sayings and statements of the testator that he

desired or intended to dispose of it in a certain way or that he understood that the will disposed of it in a way different from that expressed in the will." *Smith* v. *Usher,* 108 *Ga.* 233 (33 S. E. 876). Since the only objection which the caveator makes to the appointment of an administrator is that it was the intention of the testator that the property should go to him, and there is nothing in the will to indicate that such was the testator's intent, the court properly sustained the demurrer to the caveat. *Willis* v. *Jenkins,* 30 *Ga.* 167; *Crawley* v. *Kendrick,* 122 *Ga.* 183, 188 (50 S. E. 41, 2 Ann. Cas. 643).

■ Under the will of the testator, his sister, Mrs. Lining, was given an estate for life or widowhood in all of his property. No disposition was made of the reversionary interest, and on the death of Mrs. Lining the property should be distributed among the heirs at law of the testator. *Haralson* v. *Redd,* 15 *Ga.* 148; *Nussbaum & Dannenberg* v. *Evans,* 71 *Ga.* 757; *Oliver* v. *Powell,* 114 *Ga.* 593 (4) (40 S. E. 826). The court did not err in transmitting the cause to the court of ordinary for the appointment of an administrator on the estate of the testator.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*