18453. SMALLPIECE *v.* JOHNSON *et al.*

SUBMITTED JANUARY 12, 1954—DECIDED FEBRUARY 8, 1954.

*R. L. Le Sueur, H. B. Williams,* for plaintiff in error.

*Fort & Fort, Hollis Fort,* contra.

CANDLER, Justice.  J. M. Smallpiece of Sumter County executed a will on July 1, 1896, and died about 1910.  His will was admitted to record after being probated in solemn form.  By the will he bequeathed his property of every kind and character to his wife for and during her life or widowhood, vesting in her during that time the right of disposition for specified purposes. On the death or remarriage of his wife, and subject to the provisions of item 6 of his will, he gave his six named daughters a life interest in all of his property then undisposed of by his widow.  Item 6 of his will provides: "I will and direct that at the intermarriage or death of my said wife if all my children should be of age then that the said property that is left belonging to my estate be divided in kind and each of my heirs or representatives of my heirs receive an equal share from said estate and if my said heirs are living at that time that they go into possession of said property. I give and bequeath to them said property for and during their natural lives and at their death to go to their heirs of their body.  But at the intermarriage or death of my said wife all of my children are of age at that time and part of my children dead but leaving heirs of their body, then the parents share of my property is to go directly to them in fee simple.  At the death of all of my children their share that they inherited from me shall go directly to the heirs of their body in fee simple. I will and direct that the part of my estate that shall go to my daughter Mrs. Lora Johnson shall not go into her possession nor her control until after the death of her husband Charlie Johnson but if she should die before the said Charlie Johnson then the whole of her interest in my estate shall go and be inherited and I give and bequeath it to my other children or to the heirs of the body of my other children."

Pursuant to the testator's will, Mrs. Smallpiece took possession and control of his estate, never remarried, and died in 1918.  After her death and on October 11, 1918, the testator's six daughters, all of whom were then in life and sui juris, divided his estate in kind, each signing the division instrument, and each then took possesson of her respective part of his estate.  In the

division, Leila Ann Smallpiece received a tract in Sumter County containing 81.31 acres, which is the subject-matter of this litigation. Four daughters of the testator married and each had children; one of these four daughters, Mrs. Sallie Wishard, died leaving several surviving children. Leila Ann Smallpiece and Effie Mae Smallpiece never married. Leila Ann Smallpiece, by a will executed on April 12, 1935, gave her sister Effie Mae Smallpiece a life estate in all of her property of every kind and character, and the remainder interest therein to her nephew J. B. Wishard. On the death of this testatrix, her will was probated in solemn form, and the life tenant Effie Mae Smallpiece took possession of her estate, including the tract in Sumter County which the testatrix had received through the division in kind of J. M. Smallpiece's estate.

Mrs. Lora Johnson, Mrs. Kate Webb, and Mrs. Maybelle Howard, three of J. M. Smallpiece's daughters, alleging that they own an undivided three-fifths interest in that described tract of land which was bequeathed by J. M. Smallpiece to Leila Ann Smallpiece, and which she accepted through a division in kind of his estate, brought ejectment against Effie Mae Smallpiece and several other named persons, and prayed for possession of their undivided three-fifths interest and for mesne profits. Four of the defendants, namely, Effie Mae Smallpiece, J. B. Wishard, L. W. Wishard, Jr., and Robert Stewart, a tenant, filed the ejectment plea of not guilty. The other defendants filed no plea and made no appearance.

Title status for the land in controversy was by the evidence which the parties submitted on the trial indisputably established to be as stated above. The verdict by direction of the court was: "We, the jury, find in favor of the plaintiffs a 3/5 undivided interest in a life estate property." A judgment was pursuantly entered.

The defendant Effie Mae Smallpiece moved for a new trial on the usual general grounds, and by an amendment alleged that the court erred in directing a verdict for the plaintiffs. The exception is to a judgment denying the amended motion for new trial.

1. It is a well-established principle of law in this State that there is no error in directing a verdict which is the inevitable

and only legal result of the pleadings and the evidence. Code § 110-104; *Hooks* v. *Frick & Co.*, 75 *Ga.* 715; *Grace* v. *Rouse*, 202 *Ga.* 720 (44 S. E. 2d 762); *City of Abbeville* v. *Jay*, 205 *Ga.* 743 (55 S. E. 2d 129), and cases cited. See also *Norris* v. *Coffee*, 206 *Ga.* 759 (4) (58 S. E. 2d 812).

2. The owner of a life estate in realty may bring and maintain ejectment against one who wrongfully holds possession of the premises. Code § 85-604; *Glover* v. *Stamps*, 73 *Ga.* 209 (54 Am. R. 870); *McRea* v. *Dutton*, 95 *Ga.* 267 (22 S. E. 149). And, ejectment will lie in favor of a tenant in common against his cotenant when the latter attempts to oust him or sets up an adverse possession to the realty so jointly owned. Powell, Actions for Land, (Rev. ed.) 485, § 402. In this connection, see *Coleman* v. *Lane*, 26 *Ga.* 515, 519; *Vaughn* v. *Burton*, 113 *Ga.* 103, 106 (38 S. E. 310); *Board of Education of Glynn County* v. *Day*, 128 *Ga.* 156 (8), 168 (57 S. E. 359).

3. In our consideration of the question presented by the record, we are concerned only with that part of the testator's estate which he bequeathed to his daughter Leila Ann Smallpiece. On the death or remarriage of the testator's widow, his will provides for an equal division of the remaining portion of his estate among his six daughters, one of whom was Leila Ann Smallpiece. Under the terms of the will, each daughter was to have an equal part of the testator's estate for and during her natural life. By his will, the testator made no arrangement for a division of his estate; he only directed that it be equally divided between his six daughters upon the death or remarriage of their mother. The daughters, all of whom were in life and sui juris at the time of their mother's death in 1918, divided the estate in kind; and they, by the division instrument which each signed, agreed upon and designated the part thereof which each was to have and receive, and concededly that division was binding upon each. The testator's will, as we construe it, clearly provides that the equal part of his estate which was bequeathed to each daughter was, upon her death, to become and be the property of her children in fee simple. And as to the equal part which each daughter was entitled to have and take in the testator's property, the will does not provide for any other one of his daughters, as a legatee, to ever thereafter have any interest therein or any title thereto,

either for life or in fee. After the division in 1918, Leila Ann Smallpiece took possession of that part of the testator's estate which she had agreed to accept as her equal part thereof, and thereafter held possession of it until her death in 1949. She never married, left no children, and by will sought to dispose of it by bequeathing or devising it to her sister Effie Mae Smallpiece for and during her natural life and upon her death in fee to J. B. Wishard, her nephew. Ae we have pointed out, Leila Ann Smallpiece took only a life estate in that part of her father's property which she took under his will and which she accepted as her equal part through a division of his estate in kind; and there is clearly no merit in the contention that her title to or interest in the property as thus taken by her was enlarged in any way by the division agreement to which she was a party. Hence, she had no interest in the property received from her father's estate which she could pass by will. So, after the death of Leila Ann Smallpiece without issue, to whom did the land which she had received from her father's estate go, or where was the title to it lodged? The plaintiffs insist that it was the testator's intention, as expressed by his will, for his surviving daughters to take it and thus thereby have their life estates enlarged until his property as a whole would, under the terms of his will, go to his grandchildren in fee as remaindermen. We do not so construe the testator's will. By one sentence in item 6 the testator said: "I give and bequeath to them [his children] said property for and during their natural lives and at their death to go to their heirs of their body." And by another sentence in the same item the testator also said: "At the death of all my children their share that they inherited from me shall go directly to the heirs of their body in fee simple." By construing the two sentences together and by giving to each a meaning, the testator unquestionably meant to say that, upon the death of each and all of my children, their share in my estate shall go directly to the heirs of their body—their children. In the same item of his will he had previously said that, upon a division of his estate in kind among his six children on the death or remarriage of his wife, if any of his children be then dead leaving issue, such issue should then take the parent's share in fee simple. And since the testator's will does not contain a residuary clause, the defendants

contend that, on the death of Leila Ann Smallpiece without issue, the legacy or bequest to her lapsed; that the property in controversy reverted to the testator's estate; and that as to it there was an inestacy. This contention is tenable. Code § 113-813; *Haralson* v. *Reed*, 15 *Ga.* 148; *Williams* v. *Whittle*, 50 *Ga.* 523; *Nussbaum & Dannenberg* v. *Evans*, 71 *Ga.* 753; *Oliver* v. *Powell*, 114 *Ga.* 592 (4) (40 S. E. 826) ; *Lane* v. *Patterson*, 138 *Ga.* 710 (76 S. E. 47) ; *Snellings* v. *Downer*, 193 *Ga.* 340 (2) (18 S. E. 2d 531, 139 A. L. R. 860) ; *Lining* v. *Jackson*, 203 *Ga.* 22 (45 S. E. 2d 410). And such being the case at hand, the land in controversy did, under our rules of inheritance and our statute of distributions, descend to and become the property of the heirs at law of J. M. Smallpiece, who are, as the record shows, the three plaintiffs, the defendant Effie Mae Smallpiece, and the several children of their deceased sister Mrs. Sallie Wishard. Therefore, we hold that the plaintiffs, as children of J. M. Smallpiece, inherited from him and consequently own in fee an undivided three-fifths interest in the land here involved; and this being true, it will not be said by us that the verdict, though it be for a lesser interest in the land than the plaintiffs actually own, does not have support in and was not demanded by the evidence. Of the verdict, the plaintiffs do not complain, and in *Central of Ga. Ry. Co.* v. *Trammell*, 114 *Ga.* 312, 315 (40 S. E. 259), it was said: "Complaint is further made in the motion for a new trial that the verdict is contrary to evidence, because, if the plaintiffs were entitled to recover at all, the evidence demanded a finding for a larger sum than that for which the verdict was rendered. We know of no principle upon which a defendant can complain that a verdict for a less amount than that demanded by the evidence was returned against him." For like rulings, see *Pullman Co.* v. *Schaffner*, 126 *Ga.* 609 (4) (55 S. E. 933, 9 L. R. A. (NS) 407) ; *Cooper* v. *Bowen*, 140 *Ga.* 45 (3) (78 S. E. 413) ; *Theatrical Club* v. *Bernard*, 140 *Ga.* 76 (78 S. E. 410) ; *Johns* v. *League, Duvall & Powell, Inc.*, 202 *Ga.* 868 (1) (45 S. E. 2d 211, 174 A. L. R. 757), and cases there cited. Since the plaintiffs, as the owners of an undivided three-fifths fee-simple interest in the land sued for, are satisfied with a verdict for a lesser interest than that actually owned by them, this court will let the verdict stand. Accordingly, the court did not commit reversible error in

directing the verdict complained of by the defendant, nor in refusing to grant her motion for a new trial.

*Judgment affirmed.   All the Justices concur.*