20391. McKAIN *et al. v.* ALLEN.
20392. ROBERTS *et al. v.* ALLEN.

SUBMITTED MARCH 10, 1959—DECIDED APRIL 9, 1959.

*Alston, Sibley, Miller, Spann & Shackelford, John L. Moore, Jr., Bird & Howell, Frazer Durrett, Jr.,* for plaintiffs in error (case No. 20391).

*Andrew McKenna, Buchanan, Edenfield & Sizemore, Wm. F. Buchanan,* contra.

*Hurt, Gaines, Baird, Peek & Peabody, Martin H. Peabody,* for plaintiffs in error (case No. 20392).

*Andrew McKenna, Buchanan, Edenfield & Sizemore,* contra.

*John L. Moore, Jr., Alston, Sibley, Miller, Spann & Shackelford,* for parties at interest not parties to record.

ALMAND, Justice. The two cases under review assign error on a single judgment which was adverse to the separate interests of the plaintiffs in error. They involve the same issues and will be considered and disposed of in one opinion.

Both bills of exception assign error on the rulings of the court construing Item 4 of the will of Mrs. Pearl Griffen Bowles, and the sustaining of the plaintiff's demurrers to certain parts of the answers of the defendants. In his petition Willis Myrick Allen, Sr., sought the construction by the court of the will of Mrs. Pearl Griffen Bowles. Item 4 of her will provided: "I give, bequeath and devise to my husband, Claude P. Bowles, a life interest in and to the real estate and property located at 532 Lee Street, Southwest, Atlanta, Georgia, with the provision that should the said Claude P. Bowles remarry, then in this event the life estate herein granted is to cease, and said property is to go to my nephew, Willis Myrick Allen, Sr. I also leave to my husband, Claude P. Bowles, all fixtures and other personal property located in my beauty parlor."

The testatrix died on September 27, 1956. The will was probated, and her husband, Claude P. Bowles, qualified as executor. Claude Bowles died in August, 1957, without having remarried. The plaintiff, Willis Myrick Allen, Sr., contended that, under a proper construction of Item 4 of the will, upon the death of the testatrix he took a vested-remainder interest in the real property devised in this item. The defendants (plaintiffs in error in case No. 20391), who are the heirs of the testatrix, contended that, under this item, the vesting of the remainder interest of Claude P. Bowles in Allen was solely contingent upon Bowles' remarrying, and he having died without remarrying, there was an intestacy as to the parcel of real property, there being no residuary clause in the will, and such remainder interest passed to them as the surviving heirs of the testatrix. The defendants (plaintiffs in error in case No. 20392), the heirs of Claude P. Bowles, made the same contention as the heirs of the testatrix, but assert that the remainder interest in this real estate passed to them as the surviving heirs of Bowles, the life tenant, who was the sole heir at law of the testatrix.

The trial court held that, under a proper construction of the will, "Willis Myrick Allen [Sr.] took a vested remainder in the real property (and furnishings) located at, and known as, No. 532 Lee Street, S.W., in the City of Atlanta, to be enjoyed, at any event, upon the death or remarriage of the testatrix's husband,

822

Claude P. Bowles, and that such interest of the plaintiff, Willis Myrick Allen [Sr.] was not contingent solely upon the remarriage of said Claude P. Bowles." The court also sustained the demurrers of the plaintiff to the parts of the answers of the defendants which asserted a contrary construction of this item.

In the brief of counsel for the heirs of Bowles, it is said: "Plaintiffs in error will now proceed to burden this court, as in all will cases, with the citation of numerous authorities." It is not a burden upon the court, but welcome relief and assistance, to receive such complete and comprehensive briefs as were filed by counsel for all the parties in this case.

The sole and controlling question is, whether or not Willis Myrick Allen, Sr., received a vested-remainder interest under Item 4 of the will, or a remainder interest contingent solely upon the remarriage of the life tenant. In construing Item 4 of the will, we must seek to determine from the entire will the intention of the testatrix, guided by the rules that the law favors the vesting of remainders in all doubtful cases (Code § 85-708), and that the law "presumes that a testator intends to dispose of the whole of his estate and does not intend to die intestate as to any part of his property, unless the intention of the testator is otherwise plain and unambiguous, or must be necessarily implied." *Johnson* v. *Johnson*, 213 *Ga.* 466, 471 (99 S. E. 2d 827).

In seeking a proper construction of this item, we are fortunately aided by decisions of this court in cases involving similar factual situations. In *McGinnis* v. *Foster*, 4 *Ga.* 377—a case involving the construction of the following item in the testator's will, "I give and bequeath unto my beloved wife, Celia Foster, all my estate, both real and personal, . . . during her life or widowhood. In case my wife should die or exchange her situation by marriage, it is my will that a sale be made of all my property, both real and personal, and the proceeds be equally divided among my children"—the court held that, when the wife died without remarrying, the children of the testator who survived him took at his death a vested remainder in his estate. In its opinion the court said, at page 379: "Now it is argued, and with much plausibility, that this estate is *contingent*, at least as to the *marriage;* and that it cannot be *contingent* as to that

event and *vested* as to the other, to wit, the *death* of the widow. Without controverting this proposition, we respectfully submit that there is no *contingency* here in any event. Perhaps no clause in a will is of more frequent occurrence than that which devises property during life or widowhood. And the uniform and established construction is, that the limitation over is *not contingent,* but takes effect at all events upon the determination of her estate, whether by marriage or death. I will cite two or three leading authorities in illustration of this doctrine.

"In Luxford vs. Cheeke, 3 Lev. 125, the testator devised to his wife for life, *if she should not marry again;* that if she married again then his son H. should presently after his mother's marriage, enjoy the premises, to him and the heirs of his body, with remainder over; the widow died without marrying again, but it was held that the remainder vested and took effect. Gordon vs. Adolphus, 3 Parl. C. Toml. Ed. 306, was a case of the same kind. The bequest was to the testator's wife, 'during her natural life, that is to say, so long as she should continue unmarried, *but in case she shall choose to marry, then, and in that case,'* (almost the identical language of Foster's will) 'it was to be for the immediate use of the testator's daughter; and in case she should die without leaving issue, then over.' And it was considered by Lord Camden, and afterwards by the House of Lords, that the bequests over were not *contingent* in the event of the marriage of the wife."

In *McMichael* v. *Pye,* 75 *Ga.* 189, the testator devised certain items of property to his wife during her life or widowhood, and in the event of her intermarriage the properties to be equally divided between their children. It was held that, on the death of the wife, the properties passed to the children of the testator. In the opinion the court said, at page 191: "True, he does not say in direct terms, if she does not marry, that at her death the property shall go to these children in equal portions, but from this provision, standing alone, it would be impossible to infer a different intent."

The plaintiffs in error rely heavily on the case of Sheffield *v.* Lord Orrery, 3 Atk. 282, 26 Eng. Reprint 965, where A. devised his home to his wife for life, upon the express condition, only

that if she should marry again, then the house should go forthwith to his eldest son. It was held to be a contingent limitation to the son, to take effect only upon the wife's marrying again. This case is reviewed and distinguished by Sir John Romilly in Meeds *v.* Wood, 19 Beav. 215, 52 Eng. Reprint 331, where the devise read: "I give to my executor, James Meeds, my freehold . . . in trust for the benefit of the said Ellen Knowles, for her natural life, . . . and I do hereby declare, that if the said Ellen Knowles shall marry . . . then I give, devise and bequeath the said farm to my nephew John Wood and Elizabeth his wife." Ellen Knowles survived the testator and died without marrying. It was there held that the case was controlled by Luxford *v.* Cheeke, 3 Lev. 125, supra, which was cited with approval in *McGinnis* v. *Foster,* 4 *Ga.* 377, supra; and that the nephew and his wife took a remainder interest not contingent for its vesting upon the marriage of the life tenant. In the opinion it was said: "If, by any expression in the will, you can come to the conclusion that the testator regarded the estate to be limited to last only till the happening of a particular event, this forms a part of the limitation of the original estate, and then the remainder is not a contingent but a vested remainder, which is to take effect upon the determination of the particular estate."

This court cited the Sheffield case in *Jossey* v. *Brown,* 119 *Ga.* 758, 761 (47 S. E. 350), in this manner: "We find some cases where, on the special words of the instrument, and giving effect to the testator's evident intention, it was held that the devise over was dependent on a contingency, which never having happened, the remainder could not take effect. Moorhouse *v.* Wainhouse, 1 Bl. 638; Fearne, 365, 236; Andrews *v.* Fulham, 1 Wils. 107; Grascot *v.* Warren, 12 Mod. 128; Davis *v.* Norton, 2 P. Wms. 390; Sheffield *v.* Lord Orrery, 3 Atk. 282; *Oetjen* v. *Diemmer,* 115 *Ga.* 1005. But the decided weight of authority is in favor of the proposition that the remainder over takes effect—the estate in favor of the children being considered as a limitation rather than a condition precedent."

The testatrix in the instant case unquestionably did not intend for her husband to get any interest in the Lee Street property

beyond a life interest under Item 4. In Item 5 she devised the only other real estate mentioned in the will, to certain of her blood relations, and provided that her husband should have an equal interest in this property during his life, and upon his death his interest would pass to her blood relations named in Item 5. These two items clearly show that, first, she did not intend for her husband to have interest in her real estate exceeding a life estate; and, second, she desired that the remainder interest should pass to her blood relations and not to her husband's heirs. Concluding that this was the overall intent of the testatrix, we are of the opinion that the proper construction of Item 4 of the will is that the remainder interest vested in her nephew, Willis M. Myrick Allen, Sr., on the death of the testatrix; and its vesting was not contingent solely upon the remarriage of the life tenant. Thus the proper construction of the devise is that the limitation over to the nephew is not contingent, but took effect at all events upon the termination of the husband's estate, whether by marriage or death.

If the construction, as contended by the plaintiffs in error, be that the nephew took a contingent remainder, and upon the life tenant's death without remarrying, there was an intestacy as to the remainder interest which reverted to the estate of the testatrix, such would not be in accordance with her intent that her blood relations, and not her husband's heirs, should be the ultimate beneficiaries of her real estate, because in such situation, this remainder interest upon reverting to the estate would pass to the heirs of her husband. Code § 113-902; *Bowen* v. *Driggers,* 138 *Ga.* 398(1) (75 S. E. 318) ; *Armstrong Junior College Comm.* v. *Livesey,* 189 *Ga.* 825(3) (7 S. E. 2d 678, 132 A.L.R. 1063).

The court properly construed the will, and its judgment must be

*Affirmed. All the Justices concur.*