## 26327. JOHNSON et al. v. WISHARD.

UNDERCOFLER, Justice. 1. The first issue in this case requires a construction of the will of Laura Eugenia Smallpiece.

The testatrix devised to four of her daughters, "Leila, Katie, Effie and May Bell," the use of the property here in issue "so long as any of such daughter remain unmarried."

The testatrix then provided, "Item Second. At the death of said four daughters, or when each and every of them shall have married, then I will and direct that said property as hereinabove described except any personal property previously disposed of by them under the provisions of item first of this will, shall descend to and be in order for division among my six children, to wit: Leila, Katie, Effie, and May Bell Smallpiece and Mrs. Sallie Wishard and Mrs. Lora Johnson, and if any of them dead, their lineal descends [sic] to stand in their stead."

All six children survived the testatrix. All of the children married except Leila and Effie. Leila died testate in 1949 leaving her interest in said property to Effie for life with remainder to James Burrell Wishard. Effie died testate in 1968 leaving her interest in said property to Leila for life with remainder to James Burrell Wishard.

The appellants contend that the six children took either (1) contingent remainders as to the person or (2) vested remainders subject to divesting upon their deaths without lineal descendants. Appellants claim that upon Effie's death in 1968 the property vested in the one living daughter and the children of three deceased daughters.

The appellee contends that each of the six children took absolute vested interests in said property at the death of the testatrix and he, as sole heir of James Burrell Wishard, is entitled to the 2/6ths interest of Leila and Effie.

We agree with the trial court's judgment finding in favor of the appellee's contentions.

The vesting of remainders is favored. *Code* § 85-708. A remainder is vested if it is subject to no condition precedent save the termination of the preceding estate. Here the remainder is subject to no condition except the termination of the previous estate by

the marriages or deaths of the life tenants. *McKain v. Allen,* 214 Ga. 820 (108 SE2d 319, 73 ALR2d 479). The phrase "and if any of them dead, their lineal descends [sic] to stand in their stead," is not sufficient to support the argument that the testatrix intended that the remaindermen were to survive the life tenants in order to take. *Johnston v. Duncan,* 227 Ga. 298; *Crossley v. Leslie,* 130 Ga. 782 (5) (61 SE 851, 14 AC 703); *Gay v. Graham,* 218 Ga. 745 (130 SE2d 591). See 13 Encyc. of Ga. Law, Future Interests (Agnor) 249, § 26. In our opinion the testatrix viewed the devise as a class gift and inserted this phrase to avoid the effect of Georgia's minority view that our anti-lapse statute (*Code* § 113-812) does not apply to class gifts. *Renney v. Kimberly,* 211 Ga. 396 (86 SE2d 217).

Under our holding in this case, it is not necessary to distinguish between contingent remainders and vested remainders subject to divesting. "In a large number of cases in which the discussion proceeds as if the problem were merely whether the remainder is vested or contingent, the real question involved is simply whether there is a requirement that a certain devisee must survive until his interest becomes possessory; it being conceded that he has not so survived. In many of such cases the whole discussion of the distinction is irrelevant, because exactly the same result would be reached if the remainder in question were treated as contingent or as vested subject to complete defeasance on the death of the remainderman before the termination of the particular estate. Thus, in a limitation to A for life and then to B and his heirs if he survives A, the interest of B ends when he predeceases A, whether he classify the interest as contingent or as vested subject to complete defeasance." Simes & Smith (Future Interests) 2d Ed. 114, § 135.

2. The second issue in this case involves the construction of the will of J. M. Smallpiece. The same issue as raised here under the same will has been previously considered by this court. *Smallpiece v. Johnson,* 210 Ga. 310 (80 SE2d 296). The only difference is that case concerned the interest of Leila Smallpiece in the estate of her father whereas this case involves the interest of her sister Effie Smallpiece. Both survived the testator and never married. Leila died in 1949 and was survived by

four sisters and the descendants of a deceased sister. Effie died in 1968 and was survived by one sister and the descendants of three sisters.

The parties stipulated in the instant case that the remainder interest given to Effie lapsed because of failure of issue and as to this interest, there was an intestacy as was held in *Smallpiece v. Johnson,* supra.

The appellants contend that the holding in *Smallpiece v. Johnson,* supra, requires that such interest be awarded to the surviving sister and the descendents of three deceased sisters per stirpes. Appellee contends such interest, upon a finding of intestacy, descended equally to the testator's six daughters who survived him. No plea of res judicata or estoppel by judgment was filed in this action. The trial court entered judgment in accordance with the appellee's contention.

We find no error. There being an intestacy, the property descended at the death of J. M. Smallpiece to his six children subject to the right of his wife to claim a child's part. *Code Ann.* § 113-903. The statement appearing in *Smallpiece v. Johnson,* supra, at page 315 indicating a different division is dictum and is disapproved. The pertinent holding in that case related to the finding of intestacy and that the verdict for a life interest being less than a fee interest and not complained of would be affirmed. Therefore, the trial court's judgment was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 8, 1971—DECIDED MARCH 4, 1971.

*Smith & Hargrove, William E. Smith,* for appellants.
*Jesse Bowles, W. L. Ferguson,* for appellee.