## DARNELL vs. BARTON et al., executors.

A will contained the following bequest: " All my property, both real and personal, or whatever kind it may be, to my beloved wife, Jane Barton, for and during her natural life; and after the death of my said wife, I direct that all the remainder of my said property be sold by my executors and be equally divided among my children; and in the event that any of my children should die prior to the death of their said mother, leaving a child or children living, then I desire said child or children so left should stand in the place of its or their deceased parent, and heir a child's part; that is, the part that the deceased parent would have taken if living:"

*Held*, that the remainder left by such will was contingent; and the widow of a son of the testator, who died childless before the widow of the testator, would not take any interest under the will.

October 13, 1885.

Wills. Estates. Remainders. Before Judge BROWN. Cherokee Superior Court. February Term, 1885.

Jefferson Barton died in 1862, leaving a will, the substance of which is set out in the decision. The testator left a wife and several children. One of the sons married, and died in 1877. In 1883, the testator's widow died, leaving four of the testator's children surviving. Subsequently the executors applied to be discharged. The widow of the deceased son objected to the discharge, on the

ground that the executors had ignored her, and paid her no part of the estate. The case was carried by appeal to the superior court, and was submitted to the judge without a jury. The court held that the widow of the deceased son was not entitled to anything under the will, but that the property passed to the four children left by the widow of the testator. To this decision the widow of the deceased son excepted.

Wm. H. Simmons; P. P. DuPre; Geo. N. Lester, for plaintiff in error.

W. A. & G. I. Teasley, for defendants.

Jackson, Chief Justice.

The sole point in this case turns on, whether the husband of plaintiff in error took a vested remainder on the death of his ancestor under the will. The bequest is of

" All of my property, both real and perso nal, or whatsoever kind it may be, to my beloved wife, Jane Barton, for and during her natural life; and after the death of my said wife, I direct that all the remainder of my said property be sold by my executors and be equally divided among my children; and in the event that any of my children should die prior to the death of their said mother, leaving a child or children living, then I desire said child or children so left should stand in the place of its or their deceased parent, and heir a child's part; that is, the part that the deceased parent would have taken if living."

The husband of plaintiff in error was one of the sons of the testator, who died before his mother died, and left no child. We think that his interest in the remainder was contingent on his surviving his mother, or his children's doing so, if he had any, to take his share. Really the contingency is double. It is only the remainder or residue of the estate, not consumed by the wife of testator, which was to be sold by the executors, and the proceeds of that residue divided. At the mother's death, and not before, could the estate bequeathed in remainder be as-

certained so as to be sold and divided. The remainder was contingent on what the life tenant did not consume and the executors of the will were then to ascertain it, sell it and divide it. The thing itself bequeathed, therefore, is contingent on what was left by the widow.

What was to be done with that? If all of his children survived the mother, he directed the executors to divide the proceeds among them thus surviving her; if any died before, they took nothing; but if children of his children were alive at the death of the first tenant, he directed them to take their parents' part; but if any child of his, married or single, died before she did, and no grandchildren from such deceased parent survived the grandmother, that part was unprovided for, except by the general purpose of the will that children or grandchildren only should take who survived the grandmother. No mention is made of widow or any other being, but these two classes, children and grandchildren.

The very fact that grandchildren are mentioned as taking, if their parent was dead, excludes the widow. Suppose this widow and one child of her marriage with the deceased son survived him and his mother, would she share with her child? Was that testator's will? Clearly not. Well, if she would not and could not divide with her child, she could not inherit from her husband, which she would have done had his estate been a vested remainder.

We conclude that it must be contingent.

Judgment affirmed.