, WINN, administrator, *v.* TABERNACLE INFIRMARY *et al.*

1. Although the words "condition precedent" may be used in a will in connection with a bequest of income, yet where the duty imposed was a continuing one of furnishing the testator's child with a home in a benevolent institution and caring for her "as comfortably as the facts and circumstances of the case will warrant," where the corpus was given to the institution in remainder, after the death of the child, provided a Christian burial should be given to her, and where from the entire will it is apparent that the estate was not intended to be left to the legatee upon a condition precedent, properly so-called, the title will be construed to have vested, and the condition for support, made in connection with the bequest of the income, will be held to be in the nature of a condition subsequent, or of a charge upon the income, as the intent of the testator may appear to be.

2. In such a case, where the child was furnished a home in the institution and supported there for about three years and until she became violently insane and had to be committed to an insane asylum upon regular proceedings therefor, this did not authorize the executor to recover the estate from the legatee.

3. Whether the child was subject to be supported by the State at its public institution, or whether the income was subject in whole or in part to be applied for that purpose, on proceedings by the public authorities or on behalf of the lunatic, is not now for decision, the only point urged being that the executor was entitled to recover the estate.

NOVEMBER 18, 1910.

Petition for direction, etc. Before Judge Bell. Fulton superior court. January 14, 1910.

. . The facts of this case are sufficiently stated in the judgment filed by the judge of the trial court, as follows:

"Upon agreement between counsel the case was withdrawn from the consideration of the jury, counsel stating that there was no issue of fact involved, and submitted to the court to pass upon all the questions made by the pleadings. No evidence was submitted and no briefs have been filed; and the court is left to the statements contained in the pleadings to make its findings. On the 2d day of January, 1903, Sarah E. Brightwell, of Fulton county, died leaving a will and leaving one child, Annie E. Brightwell by name. The property left by the decedent consisted of one small house and lot in the city of Atlanta at number 21 Henry street, valued at five hundred dollars, and the sum of twelve hundred and eighty-one dollars and thirty cents in money. The clerk of the superior court was nominated the executor of the will. He refused to qualify, and Hamilton Douglas, the then county administrator, was ap-

pointed administrator with the will annexed. After making provisions for her burial and the payment of her debts, the will provides as follows: 'Item 3. I give and bequeath to the Tabernacle Infirmary and Home for Helpless Women, a corporation chartered by Fulton superior court, all the income of every character. Item 4. The consideration upon which this bequest is made, and a condition precedent to same, is that this institution shall maintain and care for my child Annie Brightwell during her natural life, giving her a home in said institution, and caring for her as comfortably as the facts and circumstances of the case will warrant, even to the extent of all the income from my estate if necessary. The performance of this obligation on the part of said institution shall commence at my death or as soon thereafter as practicable. Item 5. Upon the death of my said child, all the property of my estate shall vest absolutely in said institution, provided there shall be given to my child decent Christian burial upon my lot in Westview Cemetery in keeping with the condition of my estate. Item 6. In the event said institution shall cease to exist, or shall cease to operate the works of benevolence along the lines that are now followed, then and in that event all benefits conferred upon said institution by this will shall cease, and the property of my estate shall be vested in my executor to hold for the benefit of my child during her life.'

"This petition in the nature of a bill in equity was filed by Courtland S. Winn, as administrator de bonis non cum testamento annexo, praying the court to construe the will of Sarah E. Brightwell deceased; also praying for direction as to his rights and duties in the premises, and that defendant be required to deliver over to him the property at number 21 Henry street, and that judgment and decree may be rendered against the defendant for the sum of money mentioned herein. The petitioner contends that by reason of the fact that Annie E. Brightwell was, on or about the 23d day of December, 1907, committed to the State's lunatic asylum by virtue of an order of the ordinary of said county, the defendant has been rendered unable to take charge of the person of said Annie E. Brightwell and to carry out the terms and conditions of the will, that the remainder interest in the property granted under the will to the defendant has been forfeited, and that said property reverts to the administrator, plaintiff in this case, and should

be delivered over to him and the title thereto vested in him to hold for the benefit of said Annie E. Brightwell, child of the deceased. Soon after the death of Sarah E. Brightwell and the probate of the will in solemn form and the qualification of Hamilton Douglas as administrator with will annexed, to wit, on July the 4th, 1904, the defendant, under and by virtue of an order from the ordinary, entered into a bond with good security, payable to Hon. Jno. R. Wilkinson, ordinary of Fulton county, and his successors in office, in the sum of twenty-five hundred and sixty-two dollars and sixty cents, to faithfully hold the property in controversy in trust, using only the income from the same and supplying it in accordance with the terms of the will, and to faithfully comply with each and every obligation imposed upon it by the will. Upon the giving of said bond and the granting of said order by the ordinary, the defendant took the child, Annie E. Brightwell, to its institution and maintained and cared for her, giving her a home in its institution, and continued to do so until the 25th day of November, 1907, at which date an application was filed to have her adjudged a lunatic, and the administrator, Douglas, turned over to defendant the property in dispute in the case. The defendant has the property intact, and is ready and willing to pay the income thereof to the said Annie E. Brightwell for her support in terms of the will, and is ready and willing, should the said Annie E. Brightwell be restored to a condition of sanity or to a condition where it would be safe to do so, to take her back to its institution and carry out the terms of said will. It appears that the defendant is a going concern and is still carrying out the works of benevolence along lines followed at the time of the execution of the will. In view of the above and foregoing facts I find: (*a*)   That the defendant holds the income of the property described in trust for Annie E. Brightwell. (*b*) That the fact of a judgment of lunacy of Annie E. Brightwell and her commitment to the State's lunatic asylum does not forfeit the remainder interest in this property granted under the will. (*c*) That defendant is entitled to possession of the property under said order of court; and that the plaintiff is not entitled to any judgment or decree against the defendant as prayed for." The plaintiff excepted.

*Walter W. Visanska,* for plaintiff.

*Etheridge & Etheridge,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.) The construction of this will is not free from difficulty. In a few brief sentences have been combined some of the most intricate and difficult subjects in the law. The will touches upon bequests of entire income, conditions precedent and subsequent, charges upon income, trusts, a devise in remainder of realty and a bequest of personalty, with the only proviso stated in that connection that the testator's daughter should receive a Christian burial. And in another item (not copied in the judgment of the court below) is contained a power of sale and reinvestment by the executor.

General rules of construction avail little in such a case. It may be stated that the cardinal rule of construction of a will is to "seek diligently for the intention of the testator, and give effect to the same, as far as may be consistent with the rules of law." Civil Code, § 3324. A condition precedent requires performance before the estate vests; a condition subsequent may cause a forfeiture of a vested estate. The law inclines to construe conditions to be subsequent rather than precedent, and to be remediable by damages, rather than by forfeiture. Ib: § 3137. If a condition is strictly precedent, so that unless it happens no estate vests, reasons why the condition did not happen will not serve to vest a title. A distinction has sometimes been made between a bequest of personalty and a devise of realty in this regard. But our Code does not seem to recognize such a distinction. Civil Code, § 3080. If a condition is subsequent, and the title has vested subject to be divested in the event of the non-performance of the condition, and such condition becomes impossible of performance by an act of God, non-performance is excused, and the estate which has vested in the grantee will not be divested.

In Nunnery v. Carter, 5 Jones Eq. (58 N. C.) 370 (78 Am. D. 231), it was declared that if personal property is bequeathed upon a condition which before the time of performance becomes impossible to be performed, the property vests in the legatee upon the death of the testator, unless it appears that the performance of the condition was the sole motive for the making of the bequest. It was also held, that where personal property was bequeathed to a son on condition that he take care of his mother during her lifetime, this was a condition subsequent, involving a continuing duty,

and the title vested in the legatee, to be divested upon his failure to take care of his mother.

But after these general rules have been stated, and considered with others which might also be recited, we return to the ultimate question, what did this testatrix intend by the will before us? By item three she bequeathed to the Tabernacle Infirmary and Home for Helpless Women (the name of which was afterwards changed to the Tabernacle Infirmary and Training School for Nurses) "all the income of every character." By item four it was declared that the consideration upon which "this bequest" was made "and a condition precedent to same" was that the institution should maintain the child of the testatrix during her life, giving her a home in such institution, and caring for her "as comfortably as the facts and circumstances of the case will warrant, even to the extent of all the income from my estate, if necessary." While the words "condition precedent" were used, in the same sentence provision was made for the use by the institution, for the support of the child, of so much as might be necessary, even to the extent of the entire income. The duty was not the performance of a single act, to be followed by the vesting of the estate, but it was continuing in its character during the child's life; and it was contemplated that the income bequeathed would be consumed at least in part. In spite of the use of the expression quoted, it does not appear to have been the testamentary intent that the title to the income should be left unvested and in the air, under a strict condition precedent. Performance is also spoken of as "an obligation." The fifth item declared, that, upon the death of the child, all of the testator's property should "vest absolutely" in the institution. Here the only condition mentioned is "provided" a decent Christian burial shall be given to the child. This item made no reference to the support of the child. The sixth item provided that "in the event the institution shall cease to exist, or shall cease to operate the works of benevolence along the lines that are now followed, then and in that event all benefits conferred upon said institution by this will shall cease, and the property of my estate shall be vested in my executor to hold for the benefit of my child during her life." The statement that, in the event named, the benefits should "cease," carries with it the implication that they had previously begun.; and the provision that then "my estate shall be vested in my executor"

indicates that it had not previously been vested in him for the purpose named, but somewhere else. This was plainly a condition subsequent, and inconsistent with the idea that the whole legacy was dependent on a condition precedent.

From a consideration of the entire will, we think that the testatrix had in view two things, the support of her child and a gift to a benevolent institution. The legacy was not purely in the nature of a conveyance of bargain and sale upon condition precedent. Even the support of the child was to be only "as comfortably as the facts and circumstances of the case will warrant."

It follows from what we have said, that when, after the child had been taken into the institution and supported for some three years, she became so violently insane that it was necessary to have her committed by due proceedings to the State asylum for treatment, this did not operate to so render impossible a condition precedent as to destroy the estate or interest of the institution; nor did it give the executor a right to recover the entire estate as for breach of condition.

Whether or not the support of the child at the asylum is a charge upon the income of the estate, and whether the authorities of the asylum, or a guardian or next friend of the child, have any right to have it so applied, or whether she is such a pauper patient that her maintenance devolves on the State (Political Code, § 1429 et seq.), are questions not determined in the court below and therefore are not decided by us. The only question urged before us was as to whether the plaintiff had a right to recover the estate.          *Judgment affirmed. All the Justices concur.*