21348. CHAMBERS, Executor v. DOOLEY *et al.*

DUCKWORTH, Chief Justice. This is an action in equity by the grandchildren of John Chambers, the children of his daughter Mary Cleo Dooley, against the executor of the will of Martha Chambers Thompson, deceased, and the legatees under the will. The petition shows that the mother of the petitioners predeceased her father, John Chambers, and the testatrix, and that John Chambers, their grandfather, though living when the will was executed, predeceased his sister, the testatrix. Item 3 of the will bequeaths all of the testatrix's property to her brothers and sister, naming them to share and share alike. It then provides that: "If any of my above named brothers

should die before I do, or my sister Mrs. Lillie Chambers Samples, then and in that event his or her share to be divided equally among his or her children, share and share alike." The petitioners allege that they are not recognized as being entitled to the share of their grandfather under the will, and pray for judgment requiring the defendants to recognize the petitioners as legatees and devisees and be awarded the share of their grandfather, and injunction prohibiting distribution of the estate contrary to this contention issue. The exception here is to a judgment overruling a general demurrer to the petition. *Held*:

Grandchildren can not take by the description of children unless there be something in the will to manifest that intention. *Walker v. Williamson*, 25 Ga. 549 (1). A devise to children as a class means immediate offspring and does not include grandchildren. *Willis v. Jenkins*, 30 Ga. 167; *Fulghum v. Strickland*, 123 Ga. 258 (51 SE 294); *Armstrong Junior College Commission v. Livesey*, 189 Ga. 825 (7 SE2d 678, 132 ALR 1063); *Veal v. King*, 216 Ga. 298 (116 SE2d 223). It must be held that the petitioners are grandchildren of the testatrix's brother to whom, or his children, the bequest was made, and hence the grandchildren have no interest in the estate, and the court erred in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*

Submitted September 11, 1961—Decided October 5, 1961.

*E. C. Stark, Kimzey & Kimzey, Herbert B. Kimzey*, for plaintiff in error.

*Robt. F. Oliver, Otis J. Bouwsma, R. C. Scott*, contra.