24408. CROW et al. v. LEWIS et al.

Argued December 11, 1967—Decided January 5, 1968.

Allen & Edenfield, Francis W. Allen, for appellants.

Spivey & Carlton, Milton A. Carlton, Randall O. Palmer, for appellees.

NICHOLS, Justice. The appellants rely upon decisions of this court holding under Code § 113-806 that the courts shall seek diligently for the intention of the testatrix and may transpose sentences, and so forth to determine such intention. However, such contention ignores the last clause of the Code section, "but if the clause as it stands may have effect, it shall be so construed however well satisfied the court may be of a different testamentary intention."

"Where the language of a will is clear and can be given legal effect as it stands, the courts will not, by construction, give the will a different effect." McClelland v. Johnson, 211 Ga. 348 (86 SE2d 97), and citations. See also Bedgood v. Thomas, 220 Ga. 262 (138 SE2d 313).

The language in Item Two is not ambiguous. The testatrix makes it clear by this item that her living children are to receive a life estate in her farm land with the remainder going to their children. The other items of the will neither authorize nor imply a different result, and the judgment of the trial court so holding must be affirmed.

*Judgment affirmed. All the Justices concur.*