## 28206. WITCHER v. WITCHER et al.

SUBMITTED AUGUST 17, 1973 — DECIDED SEPTEMBER 6, 1973.

*Hayes & Hayes, M. S. Hayes, Jr.,* for appellant.
*Clifford A. Cranford, Walter D. Sanders,* for appellees.

MOBLEY, Chief Justice. Powers N. Witcher, as executor of the will of E. R. Witcher, sought a construction of a portion of Item 4 of the will, as follows: "I will, bequeath and devise all of the rest and residue of my property, both real and personal, including choses in action, wherever located and of whatever kind, to my beloved wife, Annie N. Witcher, for her use during the term of her natural life, with remainder over to my children, share and share alike, in fee simple. *In the event either of my children should predecease me or my wife, then it is my will and desire that the child or children of such deceased child take the share that would have gone to his or her parent, per stirpes. . ."* (Emphasis supplied.)

E. R. Witcher was survived by his wife and four sons. His widow died on December 22, 1972. Raymond Witcher, one of the sons, died in 1969, leaving no children, but being survived by his widow, Mrs. Lillian Jenkins Witcher. The other three sons are in life. The executor sought a determination of the question of whether Raymond Witcher had a vested remainder interest, which was inherited by his widow.

Mrs. Lillian Witcher filed an answer asserting that the remainder interest of Raymond Witcher vested in him at the death of the testator, and that she is his sole heir and entitled to his

remainder interest. Garland S. Witcher, Olin Witcher, and Powers N. Witcher, the three sons in life, contend that a remainder interest did not vest in Raymond Witcher, who predeceased the life tenant, and that on his death, his interest in the property ceased.

The matter was submitted to the trial judge by briefs of the parties. The judge held that the remainder estate created under the will of E. R. Witcher did not vest in the remaindermen until the death of the life tenant, and that Raymond Witcher, having died prior to the vesting of the remainder estate, never owned a remainder interest. The title to the remainder estate was decreed to be in the three living sons of the testator.

Mrs. Lillian Witcher appealed from this judgment.

The appellees rely on *Darnell v. Barton,* 75 Ga. 377, construing a will in which the testator gave a life estate to his wife, and then provided that, "in the event that any of my children should die prior to the death of their said mother, leaving a child or children living, then I desire said child or children so left should stand in the place of its or their deceased parent." It was held that the remainder estate created by the will was contingent, and that the widow of a deceased child, who died before his mother died and left no child, could not inherit her husband's share.

The *Darnell* case, supra, was distinguished, and an exactly opposite result was reached, in *Hudgens v. Wilkins,* 77 Ga. 555, 556 in which the will construed provided as to the remainder estate that, "if either of my sons should die before my wife does, leaving a child or children, then their child or children to draw their father's part of said land," and it was held that vested remainders were created. The explanation given in the *Hudgens* case as to the *Darnell* case was that it was the uncertainty of the quantum of the estate that made the remainders in that case contingent.

The *Darnell* case was again explained and distinguished in *Gilmore v. Gilmore,* 197 Ga. 303, 311 (29 SE2d 74), where it was stated that it was *not* the uncertainty as to the quantum of the estate that made the remainders contingent in the *Darnell* case.

These contradictory explanations of the *Darnell* case are evidence of the difficulties this court has had through the years in reconciling it with the statutory and case law of this state. We are unanimously of the opinion that *Darnell v. Barton,* 75 Ga. 377, supra, is not the correct rule in Georgia on the question of vested or contingent remainders, and we overrule that case.

Code § 85-708 provides: "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of

survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear."

In *Fields v. Lewis,* 118 Ga. 573 (45 SE 437), a provision of a deed conveying property to the grantor's wife for life, and "on her decease, to such child or children or representatives of child or children as above mentioned or that she may bring forth by the said (grantor) and leaves in life," was construed to convey a vested remainder in the grantor's children, subject to be divested as to the share of any child that might die before the life tenant, leaving a child or children in life. It was held that upon the death intestate of one of the grantor's children before the life tenant, without leaving children, her share in remainder was not divested and passed to her husband as her sole heir.

In *Crossley v. Leslie,* 130 Ga. 782 (5) (61 SE 851, 14 AC 703), a will devising a life estate to the testator's wife, and then providing, "after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children," was construed to create a vested remainder in a child of the testator who survived him but died before the death of the life tenant. The *Crossley* case, supra, was followed by this court in *Gay v. Graham,* 218 Ga. 745 (130 SE2d 591).

In the recent case of *Johnson v. Wishard,* 227 Ga. 355 (180 SE2d 738), this court construed a will in which the testatrix devised property to her four daughters while they remained unmarried, and then provided: "At the death of said four daughters, or when each and every of them shall have married, then I will and direct that said property as hereinabove described except any personal property previously disposed of by them under the provisions of item first of this will, shall descend to and be in order for division among my six children, [naming them], *and if any of them dead, their lineal descends (sic) to stand in their stead."* (Emphasis supplied.) It was held that the emphasized words were not sufficient to support the argument that the testatrix intended that the remaindermen were to survive the life tenants in order to take.

The first sentence of Item 4 of the will of E. R. Witcher created a vested remainder interest in a class composed of the testator's sons. The second sentence would prevent a lapse of the devise to any son who died prior to the testator's death, leaving a child or children. It would also have the effect of substituting devisees in the event a son died before the death of either the testator or the life tenant, leaving a child or children.

There is no language in the will which plainly manifests an intention to divest the share of a son who survived the testator, but predeceased the life tenant, leaving no child or children to be substituted devisees. Therefore, when Raymond Witcher survived the testator, and died before the death of the life tenant, leaving no child or children, his vested remainder interest would pass by inheritance to his widow, who is his sole heir.

The trial court erred in holding that Raymond Witcher's remainder interest had not vested.

*Judgment reversed. All the Justices concur.*