34503, 34504. CLARK et al. v. CITIZENS &
SOUTHERN NATIONAL BANK et al.; and vice versa.
34505. HARRIS v. CLARK et al.

PER CURIAM.

These cases involve the construction of a will. The appellants in Case No. 34503 appeal from an order of the trial court denying their request that a testamentary trust created under the provisions of the will be terminated.

By agreement of all parties the case was submitted to the trial court. The facts as stipulated by the parties and as found by the trial court are as follows: Peyton W. Jones executed his will on March 26, 1951 and died testate on April 30, 1956. The defendant Citizens & Southern National Bank is the trustee of a trust created under Item IV of the will. Mrs. Josie T. Jones, the widow of the testator, was one of the life tenants named in Item IV of the will and she died on January 7, 1976. Elizabeth Jones Clark, the testator's daughter, is the other life tenant and is still in life.

The plaintiffs Lem J. Clark, Jr. and C. Blake Clark are the two sons and only children of Elizabeth Jones Clark, and are both over 21 years of age. There are no deceased children of Elizabeth Jones Clark, who is now 59 years of age, and, according to the uncontroverted medical evidence, is no longer capable of bearing children, and has never adopted any children. Lem J. Clark, Jr. is the father of two children, both of whom are minors. C. Blake Clark is the father of one child, who is a minor.

During the course of the proceedings the court appointed a guardian ad litem to represent the following parties defendant: (a) unborn children of Elizabeth Jones Clark; (b) unborn or born but unadopted children of Elizabeth Jones Clark; (c) issue in life of Lem J. Clark, Jr. to wit, Christy Clark and Bettina Clark, both minors; (d) the unborn children of Lem J. Clark, Jr.; (e) unborn or born but unadopted children of Lem J. Clark, Jr.; (f) the

issue in life of C. Blake Clark, to wit, Travis Clark, a minor; (g) unborn children of C. Blake Clark; (h) unborn or born but unadopted children of C. Blake Clark; (i) any and all undetermined or unknown descendants of Christy Clark, Bettina Clark and Travis Clark.

Soon after the death of Mrs. Josie T. Jones, the decedent's widow, in 1976, the plaintiff Elizabeth Jones Clark conveyed by written instrument all of her right, title and interest in said trust to the plaintiffs Lem J. Clark, Jr. and C. Blake Clark. Lem and Blake Clark then made demand upon the defendant Citizens & Southern National Bank as trustee under the will to terminate the trust and to turn the trust property over to them. The Citizens & Southern National Bank refused to do so and this litigation ensued.

The portion of the will creating the trust and relevant to this litigation is Item IV, sub-paragraph (9), which reads as follows: "(9) Upon the death of my widow Mrs. Joseph T. Jones, or upon her remarriage, and upon the death of my daughter, Mrs. Elizabeth Jones Clark, I direct that said trustee divide the entire corpus of the then trust estate into as many parts as I have grandchildren in life with a part also for the children of any deceased grandchild or grandchildren, such division to be per stirpes and not per capita, . . ."

After a hearing, the trial court interpreted this paragraph of the will as follows: (1) That this item of the will created a vested remainder interest in a class composed of the testator's grandchildren; the class, however, is subject to reopening upon the birth of additional children to plaintiff, Elizabeth Jones Clark. (2) That the plaintiffs Lem J. Clark, Jr. and C. Blake Clark took remainder interests under said paragraph of the will which interests became vested at the time of the testator's death, subject however to the class reopening as stated above. (3) That the transfer by Elizabeth Jones Clark of her entire interest in said trust to her sons is a valid transfer, and that the court would terminate the trust were it not for the possibility of issue of Elizabeth Jones Clark.

(4) That the trust is executory since the class is subject to opening to include after born children of

Elizabeth Jones Clark; however, the opening of the class shall not include the after-adopted children of Elizabeth Jones Clark.

These appeals and cross appeals followed.

1. The appellants Lem and Blake Clark contend that the trust property vested in them as of the date of the death of their grandfather, subject only to the life estate of their mother Elizabeth Jones Clark, they being the only two grandchildren in life at the time of the testator's death. We cannot agree with this contention.

The question presented by the appellants' position is whether the words of survivorship used by the testator in the creation of the trust have reference to the death of the testator or the death of the life tenants. The appellants rely on Code Ann. § 85-708 which reads as follows: "The law favors vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear."

The appellants claim that there is no such manifest intention in this case, and rely on *Witcher v. Witcher,* 231 Ga. 49 (200 SE2d 110) (1973) in which it was held that where a remainder estate is devised to a class, the members of the class are to be ascertained as of the date of the death of the testator unless there is a plain and manifest intention that the class is not to be determined until a future date or until a subsequent event has occurred.

A careful reading of the item in the will creating the trust leads us to the conclusion that the testator manifestly intended that the class of grandchildren would not close at his death but would close only upon the death of his widow and daughter, the life tenants. It seems clear that the trustee is not to divide the estate until after *both* widow and the daughter are dead. Also, the phrase "then trust estate" refers to the trust estate in existence at the time both the widow and daughter are dead. The use of the word "then" denotes "at that time." As we read the will the testator has manifested a clear intention that the class remain open until after the death of both his widow and his daughter, making the general rule as stated in *Witcher,* supra, and Code Ann. § 85-708, inapplicable.

Likewise, the phrase "grandchildren in life" refers to grandchildren who are alive at the time of the death of both the widow and the daughter. Therefore, the class cannot close until that time. If the daughter Elizabeth should have or adopt another child, the class shall open. Also, if either Lem or Blake should predecease Elizabeth, his children would become members of the class to take their father's share.

2. The appellants next contend that even if the wording of the testator's will created a vested remainder to a class, subject to reopening, the court erred in not ruling that the class was closed due to the fact that the uncontradicted medical evidence showed that Elizabeth Jones Clark no longer has the capability of bearing children and will not in the future have that capability. There is a conclusive presumption of Georgia law that the possibility of issue is not extinct in a female until death. *In re Dougan,* 139 Ga. 351 (77 SE 158) (1913); *Williams v. Frierson,* 150 Ga. 797, 799 (105 SE 475) (1920); and *Landrum v. National City Bank of Rome,* 210 Ga. 316, 318 (80 SE2d 300) (1954). Even if this were not the law in Georgia, the class would be subject to reopening upon the adoption of a child or children by the daughter Elizabeth. *Warner v. First Nat. Bank of Atlanta,* 242 Ga. 661 (251 SE2d 511) (1978), decided after the trial judge's decision in this case. Thus, we agree with the cross appellants that the trial court erred in part in the third and forth conclusions listed above insofar as adopted children are concerned.

3. We find that the trust is executory and cannot be terminated at this time. Code Ann. § 108-111.1. Thus, we affirm the judgment of the trial court in refusing to terminate the trust and further hold that the class taking under the provisions of this trust could open up to include after-born and after-adopted children of Elizabeth Jones Clark and after-born and after-adopted children of Lem and Blake Clark in the event that they do not survive their mother.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., who is disqualified.*

Submitted January 26, 1979 — Decided May 31, 1979.

*Kendrick-Holmes, Slocumb & Pinkston, Robert S. Slocumb, Frank C. Pinkston,* for appellants (Case No. 34503).

*Sell, Comer & Popper, John D. Comer, John A. Draughon, Harris, Watkins, Taylor & Davis, John B. Harris, Jr.,* for appellees (Case No. 34503).

*John D. Comer, John A. Draughon,* for appellants (Case No. 34504).

*Frank C. Pinkston, Robert S. Slocumb, John B. Harris, Jr.,* for appellees (Case No. 34504).

*John B. Harris, Jr.,* for appellant (Case No. 34505).

*Robert S. Slocumb, Frank C. Pinkston, John D. Comer, John A. Draughon,* for appellees (Case No. 34505).