## 36165. FOLSOM v. FIRST NATIONAL BANK OF ATLANTA et al.

CLARKE, Justice.

This is an appeal of an order of the Superior Court of Coweta County construing a portion of the will of Jacobus Petty and particularly his intent as to the distribution of net annual trust income to certain beneficiaries. The will denominated certain parties as "primary beneficiaries." Among the primary beneficiaries were the brother of the testator, John C. Petty, and John C.'s six children.

The portion of the will in question is as follows: "Should either of

said primary beneficiaries die, before or after I do, leaving child or children surviving him or her, then and in that event such child or children shall take the share that would go to such deceased parent. But should either of the foregoing named beneficiaries die before or after I do, leaving no child or children surviving him or her, then and in that event, the share that would go to such deceased shall be equally divided among the surviving beneficiaries as above provided, a child or children of a deceased beneficiary to stand in place of the parent in such division." For purposes of a clear understanding of the will it is helpful to appreciate the fact that Mattie Folsom is both a primary beneficiary and a child of a primary beneficiary, John C. Petty. John C. Petty and all of his children survived the testator. When John C. Petty died in 1956, all of his six children were still in life, and all were childless except Mattie, who was the mother of John W. Folsom. Presently, there are only two children of John C. Petty living, Roy and Sarah. Mattie died in 1973 survived by her son, John W. Folsom.

There is no question that upon John C. Petty's death, his surviving children, including Mattie, shared his portion of the trust income. It is also clear that after Mattie Folsom's death, John W. Folsom received Mattie's share of the trust income because Mattie was also a primary beneficiary and he was her sole surviving child. The undetermined question and the one pending before this court is whether John W. Folsom, as the son of Mattie and grandson of John C. Petty, is entitled to his mother's portion of John C. Petty's share since her death. We conclude that no such entitlement exists.

We are dealing here with the right to receive income from the trust and not with the right to a distributive share of the corpus of the trust upon its termination. The will of Jacobus Petty provided for a class of primary beneficiaries which included John C. Petty and his six children. It also provided for a class of children of primary beneficiaries who would stand in the place of their deceased parents as recipients of trust income. We find that the class of children of primary beneficiaries cannot be held to include grandchildren of primary beneficiaries. The first sentence of that portion of Item 5 quoted above provides: "Should either of said primary beneficiaries die, before or after I do, having *child* or *children* surviving him or her, then and in that event, *such child or children* shall take the share that would go to such deceased *parent.*" (Emphasis supplied.)

"Grandchildren can not take by the description of children unless there be something in the will to manifest that intention." *Chambers v. Dooley,* 217 Ga. 291, 292 (122 SE2d 92) (1961). See also, *Veal v. King,* 216 Ga. 298 (116 SE2d 223) (1960); *Johnson v. Johnson,* 213 Ga. 466 (99 SE2d 827) (1957); *Renney v. Kimberly,* 211 Ga. 396

(86 SE2d 217) (1955). This court in the early days of its existence established a rule contrary to the one pronounced here and in the cases cited above. In *Wiley v. Smith,* 3 Ga. 551 (1847), it was held that the word "children" as applied to testamentary instruments is extended to all descendants unless the manifest intention requires a different construction. We cannot agree with this statement of the law, and therefore, to the extent that it conflicts with the holding in this case, *Wiley* is expressly overruled.

There is nothing in the will to indicate any intention on the part of the testator that the class of children who stand in the place of deceased primary beneficiaries shall include grandchildren of primary beneficiaries. John W. Folsom takes Mattie's share in his capacity as the *child* of a primary beneficiary. He does not take Mattie's portion of John C. Petty's share (which she received as the child of a primary beneficiary). Rather, as provided by the first sentence of that portion of Item 5 set out above, John C. Petty's share is divided between his surviving children. After Mattie's death, all of John C. Petty's share continues to be divided between her surviving sister and brother, Sarah and Roy.

Appellant argues that Mattie's interest in a portion of John C. Petty's estate was a vested interest which John Folsom received from her as her child rather than from John C. Petty as his grandchild. Appellant insists that Mattie's share was vested and there was no provision for divestiture of her interest upon her death. Appellant argues that the law favors the vesting of remainders. Code Ann. § 85-708; *Moore v. Cook,* 153 Ga. 840 (113 SE 526) (1922); *Sumpter v. Carter,* 115 Ga. 893 (42 SE 324) (1902). The law argued is correct, but the facts here cause it to be inapplicable. The interest at issue is not a remainder interest but, rather, an interest in trust income only. The trust is executory, the time for distribution being the death of the last of the primary beneficiaries. The strong interest in vesting of remainders is not present here. The will clearly provides that *surviving* children will share in a deceased parent's share. This would indicate that survival is a condition precedent to sharing and that the interest thus obtained is lost upon death. Mattie's interest in her father's share was thus lost upon her death and was not passed on to her son John Folsom.

The court having found that the trial court's interpretation of the will was correct, the judgment below is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1980 — DECIDED SEPTEMBER 8, 1980.

*Glenville Haldi,* for appellant.
*William E. Anderson, Edward S. Grenwald, Gary W. Hatch,* for appellees.