## 44946. PORTER v. FRAZIER et al.
(361 SE2d 825)

HUNT, Justice.

This case raises an interesting jurisdictional question arising from the passage of OCGA § 15-9-120 et seq., effective to all *cases filed after July 1, 1986*.[1] Under its provisions, appeals from certain probate courts are no longer *de novo* in the superior court, but instead a jury trial may be had in the probate court and appealed to the appropriate appellate court directly. In this appeal, the case[2] was originally filed in the Probate Court of Gwinnett County on February 11, 1985, and the will involved was admitted in solemn form on May 10, 1985. Appellee Ed Frazier's petition seeking removal of the executrix, appellant Pauline Porter, was filed on June 5, 1986, while appellee Sara Mitchell petitioned the court seeking the admission to probate of a second codicil in March 1987, and appellee Virginia Black also petitioned to have Porter removed as executrix in April 1987. Thus, although the original petition for probate was filed prior to the effective date of the new provisions, some claims were filed *in the same case* after the effective date. In order to preserve her right to appeal, Porter appealed both to this court and, *de novo* to the Gwinnett Superior Court.

Notwithstanding some claims were filed after the effective date, we view the matter as one case which predates the effective date of the new act. See footnote 1, supra. Thus, we hold that jurisdiction of the appeal in this case lies in the Superior Court of Gwinnett County, and the appeal filed here is dismissed without prejudice to the parties to pursue their appeal in that court.

*Appeal dismissed. All the Justices concur.*

DECIDED NOVEMBER 19, 1987.

*Alston & Bird, G. Conley Ingram, Peter M. Degnan, James L. Eastham,* for appellant.

*Taylor & Gunter, Albert F. Taylor, Jr., John R. Shaw, Jr., John T. Webb, Harris, Phillips & Harris, R. Britt Harris, Jr.,* for appellees.

---

[1] Ga. L. 1986, p. 982 at 995 provides: "This Act shall become effective July 1, 1986, and shall apply to *all cases filed on or after such date.*"

[2] OCGA § 15-9-39 provides that "[t]he judge of the probate court shall keep a docket of all applications and *cases* pending in his court which are regularly continued from term to term until the final disposition thereof."