45698. WALKER v. YARUS.
(369 SE2d 32)

HUNT, Justice.

This appeal involves the question of the applicable date of OCGA § 15-9-120 et seq., effective to all *cases filed after July 1, 1986.* Under its provisions, appeals from certain probate courts may be taken directly to the appropriate appellate court, rather than *de novo* to the superior court as under the prior law. Ga. L. 1986, p. 982 at 995. In *Porter v. Frazier,* 257 Ga. 614 (361 SE2d 825) (1987), we held that where the *case* is filed before the effective date of the act, jurisdiction of the appeal lies in the superior court.

Here, the petition to probate the will in solemn form was filed by appellee Yarus a few days before the effective date of the Act and the caveat was filed by appellant Walker a few days after the effective date of the act. When the probate court dismissed the caveat and admitted the will to probate in solemn form, Walker appealed to the superior court. Yarus moved to dismiss or to transfer the appeal to this court, and the trial court, relying on the new law, transferred it here.

The filing of the petition to probate is the commencement of the case. As was held in *Porter,* supra, because the *case* was filed before the effective date of the new law, jurisdiction lies in the superior court. It follows that the trial court erred in transferring the case here. Therefore, this appeal must be remanded to the superior court for *de novo* review.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JUNE 23, 1988.

*Gibson & Deal, John W. Gibson, Cheeley & Chandler, Richard*

*B. Chandler, Jr.,* for appellant.
  *Weekes & Chandler, Gary M. Sams, F. Jackson Rhodes, Jr.,* for
appellee.