77652. IN THE INTEREST OF E. P. M. et al.
(377 SE2d 535)

BEASLEY, Judge.

This is a direct appeal by the maternal grandmother and her husband from an order of the probate court revoking their letters of guardianship and terminating their guardianship of two minor granddaughters. The appeal must be dismissed because it is procedurally infirm.

The case originated in the Probate Court of Clayton County when appellants filed a petition for letters of guardianship on November 6, 1981. The petition was accompanied by the natural mother's consent to the guardianship. An order appointing appellants as the children's guardians and letters of guardianship issued on December 7, 1981. Six years went by, and on March 3, 1988, the natural mother petitioned to dissolve the guardianship. On April 8, she moved to set aside the letters of guardianship because of lack of subject matter jurisdiction and jurisdiction of the parties. After a hearing at which the children were represented by a guardian ad litem, the probate court revoked the letters and terminated the guardianships.

Under the provisions of OCGA § 15-9-120 et seq., effective July 1, 1986, appeals of "civil cases" as defined in OCGA § 15-9-120 (1) from certain probate courts as defined in subsection (2) of that statute are no longer *de novo* in the superior court but instead either party has the right of appeal to the Supreme Court and this Court, as provided by Chapter 6 of Title 5 of the Code. OCGA § 15-9-123 (a). The Act applies to all cases filed on or after its effective date, July 1, 1986. Ga. L. 1986, p. 982 at 995. This case falls within the subsection (2) category. OCGA Vol. 42, 1988 Cum. Supp. 278; Martindale-Hubbell Law Directory 999 (Vol. II 1988).

It is noted that an appeal from the termination of guardianship involving the termination of parental rights would be a direct appeal rather than one requiring application for discretionary review under OCGA § 5-6-35 (a) (2). See *In re S. N. S.*, 182 Ga. App. 803 (357 SE2d 127) (1987); see also *Hays v. Jeng*, 184 Ga. App. 157 (360 SE2d 913) (1987).

Apparently, because the original petition for guardianship was filed in the probate court prior to the effective date of the new appeal

provisions and the mother's petitions to dissolve the guardianship were filed in the same case after the effective date, appellants appealed both to this Court and *de novo* to the superior court in order to preserve their right to appeal.

Appellants' caution is rewarded because, even though the subject decision directly addresses the mother's 1988 petition, the guardianship case remained pending and was not finally disposed of until the order which ended the guardianships before the children reached majority. Since the origin of the case far predates the effective date of the Act, jurisdiction of the appeal properly lies in the superior court. See the estate case of *Porter v. Frazier*, 257 Ga. 614 (361 SE2d 825) (1987), which is analogous in that it is also characterized as a single "pending case" although various petitions were filed.

The appeal in this Court is dismissed without prejudice to the parties to pursue their *de novo* appeal in the superior court. Id.

*Appeal dismissed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1989.

*Beverly B. Harris*, for appellants.

*Monroe Ferguson, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.