S94A0756. SARDY v. HODGE.
(448 SE2d 355)

THOMPSON, Justice.

John Wesley Hodge, Jr. died testate on December 4, 1983. Appellant John Sardy claims to be his natural son, born out of wedlock.

Appellee Latrelle Hodge is decedent's widow and executrix of his estate. Decedent duly executed a last will and testament in January 1981, which was probated in solemn form upon his death. Under the terms of the will, a trust was established for the benefit of the decedent's wife and "children." Two children were born as issue of the marriage between John and Latrelle Hodge.

In October 1992, Sardy petitioned the Probate Court of Cobb County for a determination of the heirs at law, claiming to be a member of the class of children of the decedent and thus a beneficiary of the trust and estate. He also sought exhumation of the body for DNA testing.

The estate was awarded summary judgment after establishing that the decedent had not during his lifetime petitioned to legitimate Sardy nor had Sardy been declared the child of Hodge by a court of competent jurisdiction. A de novo appeal was taken to Cobb Superior Court, which likewise granted summary judgment in favor of the estate.[1] We affirm.

The law in effect at the time of the testator's death provided that an illegitimate child could inherit from the father by reason of paternal kinship only if during the lifetime of the father, the child was declared legitimate by a court of competent jurisdiction or paternity of the putative father was established by court order.[2]

OCGA § 53-4-4 (c) was amended in 1991 (and presently remains unchanged) to provide additional conditions under which a child born out of wedlock may inherit from or through a father. One such condition is satisfied by filing with the appropriate court results of genetic testing establishing at least a 97 percent probability of paternity (a rebuttable presumption of paternity), and the same is not overcome by clear and convincing evidence. OCGA § 53-4-4 (c) (2) (A) and (B). Sardy concedes that paternity was not established during the lifetime of the testator, but he argues the applicability of the 1991 amendment.

The will is construed according to the law in effect at the time of the testator's death. *Smyth v. Anderson*, 238 Ga. 343 (232 SE2d 835) (1977); *Thomas v. Trust Co. Bank*, 247 Ga. 693 (1) (279 SE2d 440)

---

[1] The petition to probate the will was filed prior to the effective date of OCGA § 15-9-123; accordingly, a de novo appeal to superior court was authorized. *Walker v. Yarus*, 258 Ga. 346 (369 SE2d 32) (1988); *Porter v. Frazier*, 257 Ga. 614 (361 SE2d 825) (1987).

[2] Former Ga. Code 113-904 (c) (predecessor to OCGA § 53-4-4 (c); Ga. L. 1980, p. 1432, § 1 (c)) provided:

An illegitimate child may not inherit from or through his father . . . unless during the lifetime of the father and after the conception of the child a court of competent jurisdiction has entered an order declaring the child to be legitimate . . . or a court of competent jurisdiction has otherwise entered a court order establishing the father of the illegitimate child.

(1981); *Gresham v. Gannon*, 243 Ga. 269 (1) (253 SE2d 748) (1979). The presumption is that the testator "intended that his property should go where the law carries it. . . ." *Butts v. Trust Co. of Ga.*, 209 Ga. 787, 790 (75 SE2d 745) (1953). The statutory change in the law eight years after the testator's death relating to the inheritance rights of children born out of wedlock, does not benefit Sardy. The 1991 amendment will not be given retrospective effect. See OCGA § 1-3-5.

Absent an adjudication of paternity during the testator's lifetime or an intention by the testator to include Sardy within the class of "children" in his will (neither of which was established), Sardy has no inheritance rights under applicable law.

*Judgment affirmed. All the Justices concur, except Hunt, C. J., and Sears-Collins, J., who concur in the judgment only.*

DECIDED SEPTEMBER 21, 1994 —
RECONSIDERATION DENIED OCTOBER 17, 1994.

*Louis Levenson & Associates, Louis Levenson,* for appellant.
*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes,* for appellee.